449 So.2d 826 (1984)
Jeffrey Marshall AMES, Appellant,
v.
STATE of Florida, Appellee.
No. AU-379.
District Court of Appeal of Florida, First District.
March 21, 1984.
Rehearing Denied May 11, 1984.
Michael Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., for appellee.
PER CURIAM.
The defendant was convicted of armed burglary, armed robbery and sexual battery. He used a firearm in perpetrating each offense. His sole point on appeal pertains to the trial court's imposition consecutively of the three-year mandatory minimum sentences required under Section 775.087(2), Florida Statutes (1981).[1] The Count II robbery sentence was imposed concurrently with the Count I burglary sentence and the Count III sexual battery sentence was imposed consecutively to the sentences on Counts I and II. The defendant's complaint is not directed to the consecutive imposition of the basic sentences but only to the consecutive imposition of the three-year mandatory minimum terms. We find that we must reverse under the Supreme Court's recent holding in Palmer v. State, 438 So.2d 1 (Fla. 1983).
Under Palmer, it is improper to impose consecutively the three-year mandatory minimum sentences unless the "offenses [arose] from separate incidents occurring at separate times and places." 438 So.2d at 4. In Palmer, the defendant walked into a funeral parlor with a firearm during a wake, ordered the mourners to throw their money and valuables on the floor and *827 threatened to kill them unless they complied. They did, and he took the loot and fled. On his convictions of thirteen counts of armed robbery, the trial court imposed consecutive sentences and also imposed consecutive three-year mandatory minimum terms by reason of the use of a firearm pursuant to Section 775.087(2). Although finding no error in the requirement that the basic sentences were to be served consecutively, the Supreme Court reversed the consecutive three-year mandatory minimum sentences.
In the case sub judice, the victim answered a knock at the back door to her one-story Gainesville home. As she unlocked the door, the defendant pushed his way inside the laundry room, knocking her to the floor. He threatened to kill her if she did not quit screaming. He then pulled her off the floor, pushed her into the kitchen and demanded money. In response, she took her purse from the kitchen table, removed $44 from it and handed the same to him. He then started leading the victim through the house searching for more money. She told him that she had no more money but offered to give him her jewelry instead. When they went into her bedroom, she removed some jewelry from a dresser. Instead of taking the jewelry, he made her remove her clothing and raped her. He then left.
Recently, we had occasion to consider a Palmer objection to consecutive mandatory minimum sentences in Wilson v. State, 449 So.2d 822 (Fla. 1st DCA 1984) (on rehearing). There, the defendant abducted the victim in front of her apartment, transported her a short distance in his automobile and then committed sexual battery upon her. Wilson was convicted of kidnapping and sexual battery. On rehearing, we approved the trial court's imposition of consecutive three-year mandatory minimum sentences on the basis that the two offenses arose from separate incidents occurring at separate times and places and, thus, qualified under the exception recognized in Palmer. We are unable to reach a similar result in the case at bar for it cannot reasonably be said that the robbery and sexual battery committed upon the victim at her home "arose from separate incidents occurring at separate times and places" as contemplated by Palmer. It was, therefore, error to impose, consecutively, the three-year mandatory minimum sentences.
Accordingly, the trial court, on remand, is directed to correct the mandatory minimum sentences such that they are ordered to be served concurrently.
SMITH, WIGGINTON and NIMMONS, JJ., concur.

ON REHEARING
PER CURIAM.
Appellee's motion for rehearing is denied. However, we certify, pursuant to Fla.R.App.P. 9.030(a)(2)(A)(v), that the court's decision passes upon a question of great public importance, namely:
Whether the crimes for which the defendant was sentenced to consecutive three-year mandatory minimum terms pursuant to Section 775.087(2), Florida Statutes, were "offenses [which arose] from separate incidents occurring at separate times and places" within the meaning of the rule announced in Palmer v. State, 438 So.2d 1 (Fla. 1983)?
We have certified a similar question in Wilson v. State, 449 So.2d 822 (Fla. 1st DCA 1984).
SMITH, WIGGINTON and NIMMONS, JJ., concur.
NOTES
[1] No issue has been raised as to whether the defendant may properly raise this alleged sentencing error on direct appeal from the sentence as opposed to a Rule 3.850 motion. Compare Cochenet v. State, 445 So.2d 398 (Fla. 5th DCA 1984); Walker v. State, 442 So.2d 977 (Fla. 1st DCA 1983). Since the state has not interposed any objection to our consideration of the issue and since the question of the imposition of consecutive sentences was at least discussed at the sentencing hearing, we will dispose of the question on the merits.