448 So.2d 565 (1984)
Michael PETTIS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1068.
District Court of Appeal of Florida, Fourth District.
April 4, 1984.
Rehearing Denied May 2, 1984.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
There are two issues involved in this appeal. The first is whether appellant was properly sentenced to two consecutive three-year mandatory minimum terms after being convicted of aggravated battery upon one individual and aggravated assault upon another. We hold he was not because the episode involving both victims occurred at the same time and place. Palmer v. State, 438 So.2d 1 (Fla. 1983) was decided by the supreme court after the sentencing in this case; accordingly, the trial judge did not have the benefit of that decision  albeit it was a 4-3 result. Chief Justice Alderman, speaking for the dissenting justices, was of the opinion that a robber victimizing thirteen victims in a funeral home by use of a firearm was appropriately sentenced to thirteen consecutive three-year mandatory minimum terms. He observed in his reading of sections 775.087(2) and 775.021(4), Florida Statutes (1981) that had Palmer committed thirteen robberies in thirteen separate homes, he could have received thirteen consecutive three-year mandatory minimum sentences, noting:
Certainly a defendant who commits multiple crimes should be punished more severely than one who commits only one *566 crime. The legislature did not intend that crime be "cheaper by the dozen."
Id. at 4. The majority, basing its decision on statutory construction, concluded that consecutive mandatory minimum sentences would be proper for offenses arising from separate times and places but not for holding up the mourners and staff of the funeral home.
The second issue has been raised by the state, which contends that appellant did not raise the impropriety of the consecutive mandatory minimum sentences at the trial level. We can think of no more fundamental error than the excess caging of a human being without statutory authority. Such an error in sentencing should be visited by an appellate court even if the trial court did not have the opportunity to do so. See Pugh v. State, 423 So.2d 398, 399 (Fla. 1st DCA), dismissed 426 So.2d 28 (Fla. 1982), which held:
Because the error in sentencing could cause Pugh to be incarcerated for a greater length of time than the law permits, it is fundamental, and we must consider it although Pugh could otherwise challenge it via a Rule 3.850 motion. Polk v. State, 418 So.2d 388 (Fla. 1st DCA 1982); Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981).
Accordingly, we remand the matter to the trial court with direction to correct the sentence in accordance herewith. Appellant need not be present.
DOWNEY, J., concurs.
ANSTEAD, C.J., concurs in conclusion only.