GLICKSTEIN, Judge.
Appellant raised four points in his brief, none of which warrants discussion or reversal. At oral argument, however, this writer inquired of defense counsel why the question had never been raised in this court as to the propriety of the trial court’s imposition of consecutive mandatory minimum sentences in light of Palmer v. State, 438 So.2d 1 (Fla.1983), which was decided after the trial court imposed sentence upon this defendant. We can consider such error here initially because it is fundamental. See Pettis v. State, 448 So.2d 565 (Fla. 4th DCA 1984), and Pugh v. State, 423 So.2d 398, 399 (Fla. 1st DCA 1982), dismissed, 426 So.2d 28 (Fla.1982).
This court has interpreted Palmer in Pettis, which involved an aggravated assault upon one person and an assault on another by the same defendant in one same setting, and in Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984). In Whitehead, we were faced with consecutive mandatory minimums imposed upon convictions for robbery with a firearm of a store manager and aggravated assault on another person in the store. In both cases we held that only one criminal episode was involved, and that consecutive mandatory minimums could not be imposed.
A different but consistent result was reached in Wilson v. State, 449 So.2d 822 (Fla. 1st DCA 1984), a case involving sentences for kidnapping and rape. The first district opined that because the victim had been abducted, transported elsewhere, and then raped, the offenses arose from separate incidents occurring at separate times and places. Palmer, it said, was therefore distinguishable and did not proscribe consecutive mandatory minimums.
In the instant case, there were mandatory minimums assessed for burglary, robbery, and attempted robbery, and the parties claim that one was imposed for aggravated assault, although this is not indicated on the sentencing sheet. The sentences for burglary and attempted robbery were to run together, and consecutive to them were *1197 to run the robbery and aggravated assault sentences, concurrently. The convictions arose from an incident in which appellant gained entry to a trailer (burglary), accosted several people (aggravated assault), demanded valuables (attempted robbery), then entered a bedroom and robbed another person (robbery). These circumstances are more closely aligned with those encountered in Pettis and Whitehead than with the Wilson fact pattern. The offenses all occurred within one trailer in very close time sequence, less than one-half hour, as admitted by the state. The case therefore comes under Palmer’s holding, and consecutive mandatory mínimums were incorrectly entered by the trial court, who could not know that Palmer was forthcoming. We vacate the consecutive mandatory minimum sentences and remand for correction of the sentences. Appellant need not be present.
ANSTEAD, C.J., and LETTS, J., concur.