458 So.2d 377 (1984)
Tiodoso CISNERO, III, Appellant,
v.
STATE of Florida, Appellee.
No. 84-431.
District Court of Appeal of Florida, Second District.
October 26, 1984.
Thomas B. Woodward of Lager, Woodward, O'Steen & Kearney, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant was convicted of one count of aggravated battery and two counts of aggravated assault. The underlying conduct for all three convictions occurred at the same time and place. On February 16, 1981, he was given three consecutive sentences, each of which included a mandatory three years imprisonment because of the use of a firearm in the commission of the crimes. In this appeal from the denial of his motion for postconviction relief, appellant now attacks the imposition of three consecutive minimum mandatory sentences for crimes arising out of the same incident.
In Palmer v. State, 438 So.2d 1 (Fla. 1983), the supreme court construed section 775.087(2), Florida Statutes (1981), to preclude the "stacking" of consecutive mandatory three-year minimum sentences for crimes committed at the same time and place. The case was one of first impression, and the court did not indicate whether its holding was limited to prospective application. Therefore, the issue before us is whether the principle of Palmer should be applied retroactively to appellant's sentences.
The supreme court in Witt v. State, 387 So.2d 922 (Fla. 1980), stated:
Without attempting to survey this relatively unsatisfactory body of law, we note that the essential considerations in determining whether a new rule of law should be applied retroactively are essentially three: (a) the purpose to be served by the new rule; (b) the extent of reliance on the old rule; and (c) the effect on the administration of justice of a retroactive application of the new rule.
387 So.2d at 926.
This court faced an issue of retroactivity in Hamm v. State, 380 So.2d 1101 (Fla. 2d DCA 1980), in which the defendant had *378 filed a motion for postconviction relief from a long term prison sentence imposed as a condition of probation. Appellate decisions rendered after the expiration of his appeal time had held that such sentences were illegal. Though not couched in terms of retroactive application, we concluded that the error was of such fundamental dimension as to warrant relief under Florida Rule of Criminal Procedure 3.850. This ruling was consistent with the proposition that sentencing errors are more likely to be considered fundamental. See State v. Rhoden, 448 So.2d 1013 (Fla. 1984).
In Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984), the court held that because of its inherent potential of causing a defendant to be incarcerated for a greater length of time than provided by law, the improper imposition of a mandatory minimum sentence constituted fundamental error. Accord Pettis v. State, 448 So.2d 565 (Fla. 4th DCA 1984); Reynolds v. State, 429 So.2d 1331 (Fla. 5th DCA 1983); Lawson v. State, 400 So.2d 1053 (Fla. 2d DCA 1981). Our sister court in Davis v. State, 453 So.2d 196 (Fla. 3d DCA 1984), 9 F.L.W. 1644, recently accorded the defendant relief on a motion filed pursuant to Florida Rule of Criminal Procedure 3.850 by setting aside the multiple consecutive three-year minimum mandatory sentences for convictions of separate offenses occurring in the same incident. Thus, we conclude that appellant is entitled to the benefit of Palmer.
We reverse the order denying the motion for post-conviction relief and remand to the trial court with directions to correct the three minimum mandatory sentences so as to be served concurrently. The appellant need not be present for this purpose.
OTT and SCHEB, JJ., concur.