464 So.2d 1296 (1985)
Terry MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. BD-113.
District Court of Appeal of Florida, First District.
March 7, 1985.
*1297 Terry Moore, pro se, for appellant.
No appearance for appellee.
SMITH, Judge.
In this appeal from the summary denial of his motion for post-conviction relief, appellant raises four points for our consideration, but only one point merits discussion. In this point, appellant contends the trial court erred in imposing a mandatory minimum sentence for his aggravated assault conviction on Count II of the information to run consecutive to the concurrent mandatory minimum sentences for his two armed robbery convictions on Counts I and III of the information. For the reasons expressed below, we reverse and remand with directions on this point. In all other respects, the order appealed is affirmed.
On March 18, 1981, appellant robbed a taxicab driver, Rose Carlson, at gunpoint taking $3.00. Then he turned the gun on William Carlson, her husband, who was riding with her and demanded his wallet which contained no money. He exited the cab and ordered Mrs. Carlson to drive away or be shot. About an hour later, he robbed Mary Ovletrea, an attendant at a gas station, at gunpoint taking $20.00 from her. Appellant was apprehended, identified by Ovletrea and Mrs. Carlson, and an information was filed against him. Count I of the information charged that he had robbed Rose Carlson by using a firearm. Count II charged him with aggravated assault on William Carlson by using a firearm. Count III charged that he used a firearm in the robbery of Mary Ovletrea. The jury convicted him on all three counts. Appellant was sentenced to concurrent forty-year sentences for the two counts of armed robbery, each of which included a mandatory three years imprisonment. His five-year sentence for aggravated assault, which also carried a three-year mandatory minimum term, was run consecutive to his sentences for Counts I and III.
The Florida Supreme Court ruled in Palmer v. State, 438 So.2d 1 (Fla. 1983), that a trial court may not impose consecutive three-year mandatory minimum sentences for crimes which occur in a single course of conduct.[1] Citing Palmer, appellant contends the trial court erred when it imposed a three-year mandatory minimum sentence for the aggravated assault count to run consecutive to the mandatory minimum sentences for the armed robberies.
We find that since the armed robbery of Mary Ovletrea and the aggravated assault of William Carlson arose from separate incidents occurring at separate times and places, the trial court did not err in sentencing appellant to consecutive mandatory minimum sentences on Counts II and III. Wilson v. State, 449 So.2d 822 (Fla. 1st DCA 1984). However, since the armed robbery of Rose Carlson and the aggravated assault of her husband occurred in a single course of conduct, the trial court erred in ordering the mandatory minimum sentence on Count II to run consecutive to *1298 the sentence on Count I. Palmer v. State, supra; and Ames v. State, 449 So.2d 826 (Fla. 1st DCA 1984).
This cause is reversed and remanded to the trial court for correction of appellant's sentences in accordance with the views expressed herein. Appellant need not be present for correction of his sentences.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
ERVIN, C.J., and ZEHMER, J., concur.
NOTES
[1] An issue arises whether the principle in Palmer should be applied retroactively to appellant's sentences. We join with our sister appellate courts in according defendants such as appellant the benefit of Palmer. Cisnero v. State, 458 So.2d 377 (Fla. 2d DCA 1984), and cases cited therein.