467 So.2d 994 (1985)
STATE of Florida, Petitioner,
v.
Jeffrey AMES, Respondent.
No. 65445.
Supreme Court of Florida.
April 18, 1985.
*995 Jim Smith, Atty. Gen. and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
OVERTON, Justice.
This cause is before this Court on petition to review the First District Court of Appeal decision in State v. Ames, reported as 449 So.2d 826 (Fla. 1st DCA 1984), in which that court certified the following question to be of great public importance:
Whether the crimes for which the defendant was sentenced to consecutive three-year mandatory minimum terms pursuant to Section 775.087(2), Florida Statutes, were "offenses [which arose] from separate incidents occurring at separate times and places" within the meaning of the rule announced in Palmer v. State, 438 So.2d 1 (Fla. 1983).
449 So.2d at 827 (emphasis in original). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed, we answer the question in the negative and approve the decision of the district court of appeal.
In the instant case, Ames was convicted of burglary of a dwelling while armed, robbery with a deadly weapon, and sexual battery with a deadly weapon. The circumstances leading to these convictions reflect that Ames pushed his way into the victim's house, knocked her to the floor, and threatened to kill her if she did not stop screaming. He then forced her into an adjoining room and demanded money. The victim complied. Ames led the victim through the house in a quest for more money and, when the victim informed him that she had only jewelry, he proceeded to her bedroom where the victim removed the jewelry from a dresser. While in the bedroom, Ames raped the victim. Ames used a firearm throughout this episode.
The trial court imposed a life sentence for burglary while armed to be served concurrently with a life sentence for robbery with a deadly weapon. A life sentence was also imposed for sexual battery with a deadly weapon, to be served consecutively to the burglary and robbery sentences. In imposing each sentence, the trial judge checked the block indicating that a three-year minimum mandatory sentence, pursuant to the provisions of section 775.087(2), Florida Statutes (1981), was applicable. Thus, Ames received two consecutive three-year mandatory minimum sentences. On appeal, the district court reversed the imposition of consecutive mandatory minimum sentences. The district court cited the following statement made by this Court in Palmer v. State, 438 So.2d 1 (Fla. 1983), as authority for its holding: "By this holding, we do not prohibit ... consecutive mandatory minimum sentences for offenses arising *996 from separate incidents occurring at separate times and places." Id. at 4.
We agree with the decision of the district court. In Palmer, this Court reversed the imposition of thirteen consecutive three-year mandatory minimum sentences imposed by the trial court pursuant to section 775.087(2), Florida Statutes (1981), on thirteen counts of armed robbery. The defendant in that case walked into a funeral parlor during a wake and, at gunpoint, ordered the mourners to place their valuables on the floor. He separately ordered two latecomers who were standing in another room to move into the main chapel and hand over their money. The state contended that the trial judge had the authority to impose three-year mandatory minimum sentences on each separate offense for which the defendant was convicted. We rejected that argument on the basis that the offenses had occurred during a single, continuous criminal episode. We find the same holding to be appropriate here. In our view, section 775.087(2) was not intended to mandate the imposition of mandatory minimum sentences for each offense enumerated within the statute when those offenses are committed during a single, continuous criminal episode. To so interpret section 775.087(2) would significantly amend the statutory schemes which relate to parole and sentencing guidelines. See § 921.001, Fla. Stat. (Supp. 1984) (directing this Court to develop sentencing guidelines); Fla.R. Crim.P. 3.701.
In summary, there was insufficient separation in Ames' commission of these criminal offenses to warrant the imposition of multiple three-year mandatory minimum sentences. Accordingly, we approve the decision of the district court.
It is so ordered.
BOYD, C.J., and ADKINS, McDONALD and SHAW, JJ., concur.
ALDERMAN and EHRLICH, JJ., dissent.