478 So.2d 461 (1985)
Charles Edward BASS, Appellant,
v.
STATE of Florida, Appellee.
No. BE-153.
District Court of Appeal of Florida, First District.
November 13, 1985.
Rehearing Denied January 3, 1986.
Charles Edward Bass, pro se.
Gary Printz, Asst. Atty. Gen., for appellee.

ON MOTION FOR REHEARING
SHIVERS, Judge.
We grant the motion for rehearing, vacate the prior opinion in this cause, and substitute the following:
Appellant, defendant below, timely appeals the trial court's denial without hearing of his motion for post-conviction relief. We affirm.
Appellant filed his first motion for post-conviction relief in this case in 1982 raising as grounds ineffective assistance of counsel, denial of a sanity hearing, double jeopardy, unfair trial and lack of jurisdiction. The trial court denied the motion without evidentiary hearing and the decision was per curiam affirmed by this court. Bass v. State, 421 So.2d 69 (Fla. 1st DCA 1982). Appellant then filed a second motion for post-conviction relief, which is the subject of this appeal, alleging that he was erroneously sentenced to three consecutive mandatory minimum terms where the three offenses were committed during a single criminal episode. Palmer v. State, 438 So.2d 1 (Fla. 1983). The trial court dismissed the second motion without hearing on the basis that it was a successive motion for the same or similar relief.
Although we disagree with the trial court's reasoning, we affirm its denial of the second motion. Matters which could have been raised on direct appeal may not be considered by motion under Rule 3.850. E.g., Smith v. State, 453 So.2d 388 (Fla. 1984); McRae v. State, 437 So.2d 1388 (Fla. 1983). Furthermore, Rule 3.850 has recently been amended, effective January 1, 1985, to state:
This rule does not authorize relief based upon grounds which could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence.
The Florida Bar; Re Amendment to Rules of Criminal Procedure (Rule 3.850), 460 So.2d 907 (Fla. 1984).
Since appellant's second motion raises an issue which could have been addressed on *462 direct appeal,[1] the order of the trial court denying the motion is affirmed.
WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] The argument raised by appellant in his second motion for post-conviction relief is based on Palmer v. State, 438 So.2d 1 (Fla. 1983). The defendant/Palmer originally raised the issue by way of direct appeal in Palmer v. State, 416 So.2d 878 (Fla. 4th DCA 1982).