PER CURIAM.
Sharyon Sanders appeals the trial court’s summary denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We reverse.
On April 8, 1982, appellant pled guilty to robbery with a firearm in violation of section 812.13, Florida Statutes (1981), and to aggravated assault with a firearm in violation of section 784.021, Florida Statutes (1981). On the same date, he was sentenced to serve twenty years in prison on the robbery charge and five years on the aggravated assault charge. Since the appellant possessed a firearm at the time of the offenses, a minimum three-year sentence pursuant to section 775.087(2), Florida Statutes (1981), was imposed on both charges. The sentences, including the minimum mandatory sentences, were ordered to be served consecutively.
Appellant filed a motion for post-conviction relief alleging, among other things, that both of these offenses arose out of the same single transaction or episode and that the trial court therefore erred in imposing consecutive minimum three-year sentences. If this allegation is true, appellant would be entitled to relief. Appellant’s motion was denied without an evidentiary hearing. A transcript of the hearing at which appellant pled guilty was attached to the order. A review of that transcript indicates that the offenses in question may have arisen from a single transaction or episode. Accordingly, appellant may be entitled to relief. Palmer v. State, 438 So.2d 1 (Fla. 1983); see also, Cisnero v. State, 458 So.2d 377 (Fla. 2d DCA 1984) (the holding in Palmer is to be applied retroactively).
We, therefore, remand this matter to the trial court with directions to determine whether the consecutive three-year minimum sentences resulted from the same transaction or episode. If so, the sentences should be corrected to provide that the three-year minimum mandatory sentences are to be served concurrently. Cisnero.
If the trial court concludes that the minimum mandatory sentences did not result from the same transaction or episode and again denied appellant’s motion for post-conviction relief, it should attach to its order evidence conclusively showing that appellant is not entitled to relief.
We find no merit in any of the other allegations contained in appellant’s motion.
Reversed and remanded with instructions.
SCHEB, A.C.J., and SCHOONOVER and HALL, JJ., concur.