488 So.2d 543 (1986)
Michael AIKENS, Appellant,
v.
STATE of Florida, Appellee.
No. BI-7.
District Court of Appeal of Florida, First District.
February 18, 1986.
Rehearing Denied May 14, 1986.
Michael Aikens, pro se.
Jim Smith, Atty. Gen., and John W. Tiedeman, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Because the appellant's convictions and sentences for robbery while carrying a firearm and assault with a firearm arose out of a single criminal transaction, we vacate that portion of the sentence for the assault which requires appellant to serve a three-year mandatory minimum term consecutively with the three-year mandatory minimum imposed for the robbery. State v. Ames, 467 So.2d 994 (Fla. 1985); Palmer v. State, 438 So.2d 1 (Fla. 1983).
THOMPSON, ZEHMER and BARFIELD, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The state has filed a "Motion for rehearing; or for rehearing en banc, or for certification of question; and/or for stay of mandate." We deny the motion.
The state argues vehemently in its motion that it is entitled to rehearing for numerous reasons. With a total disregard for the facts, the state cites cases both in its motion and by way of supplemental authority which it claims are dispositive of this case. It contends that the panel has no right to "effectively amend" Fla.R. Crim.P. 3.850 to permit collateral relitigation of appellant's once rejected Palmer *544 claim because that power belongs exclusively to the Supreme Court of Florida. The law cited is correct but the problem with the argument is that the appellant's Palmer claim has not been previously litigated. The claim had never been presented to or rejected by any court until it was presented to the trial court below in this case and to this court on this appeal.
The state contends that the court's ruling was based upon conjecture because this court accepted at face value the appellant's "factually unsupported conclusory allegation" that the two crimes involved were committed during a single criminal episode, thus arguably mandating relief under Palmer. The state thus implicitly accuses this court of issuing its ruling without knowing the factual basis for appellant's plea, and without examining a transcript of the plea hearing to determine whether the crimes did occur during the same criminal episode or whether the imposition of consecutive mandatory minimum sentences was a condition of the plea bargain. The state then engages in the same conjecture that the court is accused of, and suggests that it is quite possible that appellant's crimes were committed during separate criminal episodes and that the imposition of consecutive mandatory minimum sentences may have been a condition of the plea bargain. The state prosecuted this case in the lower court and it certainly had access to the record so that it could have determined for itself whether there was a single criminal episode or whether the imposition of consecutive mandatory minimum sentences was a condition of the plea bargain. The state also has access to the files of this court which were used by the court in reaching its decision. It would be far more appropriate for the state to make an investigation and present facts to the court, rather than engage in conjecture that facts exist which might be a basis for denial of the Palmer motion. The state suggests in a footnote to its motion that it received information "from a clerk of this Court" that no transcripts appear in any of the appellant's files. This is correct, there was no actual transcript. However, if the state had checked the file in Case AN-276, as this court did, instead of relying upon an employee of the clerk's office, it would have found attached to the order of the lower court denying Aikens first motion for post-conviction relief an excerpt from the transcript of Aikens' plea and sentencing proceedings. The excerpt of plea proceedings reveals that Aikens did not agree to the imposition of two consecutive mandatory minimum sentences as a condition of his plea. The excerpts from the plea and sentencing proceedings also reflect that the crimes for which Aikens was sentenced were committed in the course of a single criminal episode. The state, not the court, has engaged in conjecture.
The state next contends that the trial court properly dismissed the instant motion because it failed to allege new or different grounds for relief. The state cites the rule that a second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits. It subsequently filed a notice of supplemental authority citing the case of Adams v. State, 484 So.2d 1216 (Fla. 1986) saying that case held "without qualification that successive Fla. R.Crim.P. 3.850 motions concerning issues resolved on the merits in a prior motion constitute an abuse of post-conviction process." The statement that the holding in Adams was "without qualification" is absolutely incorrect. There are two conditions or exceptions in the rule that permit a second or successive Rule 3.850 motion: (1) if new grounds are asserted, and (2) if the judge finds that there was a justifiable reason for the failure of the movant or his attorney to assert those grounds in a prior motion. Both of these conditions or exceptions exist in this case. The Palmer issue was not raised in the first 3.850 motion filed by Aikens. There was a justifiable reason for Aikens not raising the Palmer issue at the time of his first 3.850 motion because Palmer had not been decided by our Supreme Court when the first motion was filed. Rule 3.850 and Adams support *545 the ruling of this court that the second Rule 3.850 motion should not have been dismissed by the trial court and that the motion for post-conviction relief should have been granted.
State v. Thomas, 487 So.2d 1043 (Fla. 1986), the third supplemental authority cited by the state, permits stacking mandatory minimums if the defendant has possession of a firearm while committing "distinct offenses involving two separate and distinct victims. (Emphasis supplied.)" Again, the law cited is correct but inapplicable to the facts in this case. The Thomas opinion factually distinguishes that case from Palmer and other similar cases involving a single episode. The only factual distinction between Palmer and this case is that Palmer involved the assault and robbery of 13 people at the same time in a funeral home and the instant case involves the assault and robbery of four people at the same time in a restaurant.
MOTION DENIED.
THOMPSON, ZEHMER and BARFIELD, JJ., concur.