RYDER, Chief Judge.
Patrick Robinson appeals the summary denial of his motion for post-conviction relief. We reverse.
Robinson’s motion alleged a violation of Palmer v. State, 438 So.2d 1 (Fla.1983). We have previously held that Palmer may be applied retroactively. Cisnero v. State, 458 So.2d 377 (Fla. 2d DCA 1984). Robinson is presently serving a ten-year sentence for three separate offenses: burglary, sexual battery and robbery. All involved the use of a firearm, necessitating the imposition of three-year minimum mandatory sentences. § 775.087(2), Fla.Stat. (1981). The trial court provided that the three minimum mandatory sentences should run consecutive to one another, for a total of nine years mandatory time. Palmer prohibits consecutive minimum mandatory sentences stemming from a single criminal episode.
Robinson claimed that the burglary and sexual battery charges stemmed from a single episode, as that term is employed in Palmer. We remand this case to the trial court for a determination whether this is so. If Robinson is correct, the minimum mandatory sentence for one of these two offenses either should be stricken or made to run concurrent with the other firearm minimum sentence. If the trial court finds that the minimum mandatory sentences do not stem from the same transaction, and again denies Robinson’s motion, it should attach to its order sufficient evidence from the record to show conclusively that Robinson is not entitled to relief. In this event, Robinson must file a notice of appeal within thirty days if he desires further appellate review.
Our opinion should not be construed to affect the sentence imposed for armed robbery, insofar as Robinson concedes in his motion that the robbery charge did not stem from the same episode.
Reversed.
SCHOONOVER and SANDERLIN, JJ., concur.