500 So.2d 594 (1986)
Napoleon DOWDELL, Appellant,
v.
STATE of Florida, Appellee.
No. BK-325.
District Court of Appeal of Florida, First District.
December 15, 1986.
Napoleon Dowdell, pro se.
Jim Smith, Atty. Gen. and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.

ON REHEARING EN BANC
THOMPSON, Judge.
The state filed a motion for rehearing of the opinion of this court reversing the denial of appellant's Fla.R.Crim.P. 3.850 motion for post-conviction relief. The court, on its own motion, has determined to grant rehearing en banc pursuant to Fla.R.App.P. 9.331(c). The opinion filed in this case on *595 July 29, 1986, is withdrawn, and the following opinion is substituted in lieu thereof. We affirm the denial of relief.
On rehearing the state first contends that Fla.R.Crim.P. 3.850 does not authorize relief based upon grounds which could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence, and that a second or successive Rule 3.850 motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief or, if new grounds are alleged, the failure to assert those grounds in a prior motion constitutes an abuse of the procedure. Those provisions are part of Rule 3.850 and, if applicable to the facts in this case, would prevent a decision on the merits of the motion. However, the facts in this case are the same as those in Aikens v. State, 488 So.2d 543 (Fla. 1st DCA 1986), wherein this court held that Aikens could obtain review of consecutive mandatory minimum sentences by a second Rule 3.850 motion because the claim under Palmer v. State, 438 So.2d 1 (Fla. 1983), was a new or different claim and there was good cause for failure to assert it in the prior motion. That "good cause," lies in the fundamental nature of the alleged sentencing error as one which, at least in the context of Aikens and the present case, "could cause [defendant] to be incarcerated for a greater length of time than the law permits." Pugh v. State, 423 So.2d 398, 399 (Fla. 1st DCA 1982). Rule 3.850 specifically authorizes second or successive motions if the judge finds that new and different grounds are alleged and that the failure of the movant or his attorney to assert those grounds in a prior motion did not constitute an abuse of the procedure governed by the rules. The impermissible stacking of mandatory minimum sentences renders a sentence illegal and this fundamental error is subject to collateral attack by a Rule 3.850 motion. Suffield v. State, 456 So.2d 1196 (Fla. 4th DCA 1984) and Pettis v. State, 448 So.2d 565 (Fla. 4th DCA 1984).
We recognize that Aikens conflicts with Bass v. State, 478 So.2d 461 (Fla. 1st DCA 1986), review granted, Case No. 68,230 (Fla.). We recede from Bass and in accordance with Aikens hold that under the facts of this case Dowdell properly filed this second Rule 3.850 motion to assert his Palmer claim.
The state next contends that if this court considers Dowdell's Palmer claim on the merits, we should affirm the lower court's denial of the motion. We agree.
Dowdell's Rule 3.850 motion sought relief from the imposition of two consecutive three year mandatory minimum sentences. This court, by split decision, reversed the lower court and directed that the mandatory minimum sentences be served concurrently. The specially concurring opinion expressed the view that the controlling Supreme Court cases required that there be two separate and distinct offenses occurring in two different locations and involving at least two victims before the mandatory minimum sentences could be imposed consecutively. After the date the original panel opinion was written, the Florida Supreme Court decided Murray v. State, 491 So.2d 1120 (Fla. 1986). Although only one victim was involved in Murray the court held that consecutive three year mandatory minimum sentences could be imposed for the separate and distinct crimes committed at separate and distinct places in a single criminal episode. The court noted, however, that two distinct crimes committed against the victim in one place could not be the basis for two consecutive three year mandatory minimum sentences.
The distance between the locations of the crimes in Murray was greater than the distance involved in the instant case. However, this case involves no greater distances between the distinct crimes than were involved in State v. Thomas, 487 So.2d 1043 (Fla. 1986). The only real distinction between Thomas and the instant case is the fact that two victims were involved in Thomas instead of one, and Murray makes it clear that two victims are not *596 required in order to stack mandatory minimums.
The order of the lower court is AFFIRMED.
BOOTH, C.J., and MILLS, SHIVERS, WENTWORTH, WIGGINTON, BARFIELD, SMITH, JOANOS and ZEHMER, JJ., concur.
ERVIN, J., concurs and dissents with opinion.
ERVIN, Judge, concurring and dissenting.
I concur with the majority in its decision to recede from Bass v. State, 478 So.2d 461 (Fla. 1st DCA 1986), review granted, Case No. 68,230 (Fla.), on the ground, as recognized by the majority, that the error appellant attacks is a sentence imposing a period of incarceration for a longer period of time than that permitted by law.
On the merits, I would adhere to our original opinion which reversed Dowdell's two consecutive, mandatory minimum three-year sentences. I do not regard Murray v. State, 491 So.2d 1120 (Fla. 1986), as overruling sub silentio the two earlier Florida Supreme Court decisions on which we earlier relied: Wilson v. State, 467 So.2d 996 (Fla. 1985) and State v. Ames, 467 So.2d 994 (Fla. 1985). Both Wilson and Ames  as in the instant case  involved single victims, and the supreme court's determination of whether separate, consecutive sentences could appropriately be imposed rested on each case's unique factual situation, and did not turn on the number of victims, offenses, or locations.
This conclusion is borne out by the court's statement in Murray: "Unlike in State v. Ames, ..., we find the sexual battery of the victim sufficiently separate in nature, time, and place from the armed robbery charge to justify application of the consecutive mandatory minimums." Id. at 1124 (e.s.). Obviously, Murray did not disavow the court's former holding in Ames, which approved the setting aside of consecutive, mandatory minimum sentences for the defendant's convictions of burglary of a dwelling while armed, robbery with a deadly weapon, and sexual battery with a deadly weapon, on facts showing that after the defendant had forcibly broken into the victim's dwelling, he took money from her while in one room, jewelry from her in another room, and there raped her. The facts in Ames, which closely parallel those in the instant case, are altogether dissimilar from those in Murray. In affirming the Fourth District's approval of consecutive, mandatory three-year sentences for the sexual battery[1] and armed robbery charges, the Murray court observed that the offenses there involved separate criminal episodes, in that money was forcibly taken from the prosecutrix while she was being abducted in an automobile en route to Deerfield Beach from Pompano Beach; she was sexually assaulted in the parked car in Deerfield Beach; her necklace was taken from her following the assaults; and finally her automobile was stolen, after Murray had shot her, leaving her for dead.
The spatial and temporal distinctions between the facts in Murray and those at bar are obvious: As reflected in our earlier opinion, the record before us reveals only one continuous criminal episode, beginning with the manager's abduction at gunpoint in the parking lot of the Taco Bell, and culminating with the robbery shortly afterward inside the building. On its facts, the case at bar is clearly controlled by the rule stated in the Ames and Wilson line of cases, requiring reversal of the consecutive, mandatory minimum sentences. I would therefore abide by the holding in our former opinion and deny the motion for rehearing.
NOTES
[1] The court, however, also observed that "[t]he district court ... properly found the sexual batteries to have occurred at the same time and place, and thus properly required the two mandatory minimums therefore to be served concurrently." Murray at 1123.