ON REHEARING
WIGGINTON, Judge.
Appellant’s initial appeal of his judgment to this Court was summarily denied, the Palmer stacking issue not having been raised due to the state of the law at the time. Richardson v. State, 410 So.2d 632 (Fla. 1st DCA 1982). This appeal is from orders denying Richardson’s 3.850 motion and motion for rehearing following judgment and sentence for four counts of aggravated assault and one count of possession of a firearm by a convicted felon, all growing out of a single “stickup.” Appellant was thereupon given a sentence of ten years’ imprisonment as to each of three of the four counts, those sentences to run consecutively. In addition, three three-year mandatory minimum sentences were also imposed. As to the firearm possession *638 charge, the court enhanced the penalties by imposing a thirty-year sentence. That sentence was also directed to run consecutively to the three sentences imposed on the aggravated assault convictions.
As to appellant’s initial argument, we agree with the trial court that Richardson has failed to show ineffective assistance of counsel and affirm the orders denying appellant’s motion for post-conviction relief except as it relates to the issue of stacking mandatory minimum sentences. Contrary to the trial court’s position, Palmer v. State, 438 So.2d 1 (Fla.1983), may be applied retroactively to Richardson’s sentences. Moore v. State, 464 So.2d 1296 (Fla. 1st. DCA 1985). Nonetheless, until just recently, this Court held that Richardson’s argument based on Palmer could only have been addressed on direct appeal and was therefore not cognizable by motion under rule 3.850, Florida Rules of Criminal Procedure. See Bass v. State, 478 So.2d 461 (Fla. 1st DCA 1985), rev. granted, No. 68,230 (Fla. July 7, 1986) (oral argument set for October 27, 1986).
However, by its en banc opinion in Dowdell v. State, 500 So.2d 594 (Fla. 1st DCA 1986), this Court receded from Bass and adopted the rationale of Aikens v. State, 488 So.2d 543 (Fla. 1st DCA 1986),
... wherein this Court held that Aikens could obtain review of consecutive mandatory minimum sentences by a second Rule 3.850 motion because the claim under Palmer v. State, 438 So.2d 1 (Fla.1983), was a new or different claim and there was good cause for failure to assert it in the prior motion. That “good cause,” lies in the fundamental nature of the alleged sentencing error as one which, at least in the context of Aikens and the present case [Dowdell], “could cause [defendant] to be incarcerated for a greater length of time than the law permits.”
Dowdell, at page 595.
The Richardson court, as in Ai-kens, impermissibly stacked mandatory minimum sentences rendering the sentence illegal; thus, the fundamental error is subject to collateral attack by a rule 3.850 motion, Dowdell, and Richardson properly filed his motion to assert this claim. Clearly, appellant’s consecutive mandatory minimum sentences were impermissibly imposed. Accordingly, Richardson’s motion for rehearing is granted to the extent that the stacking aspect of the sentence is reversed and the cause remanded to the trial court to correct the sentences to reflect that the mandatory minimum sentences be served concurrently.
AFFIRMED in part, REVERSED in part, and REMANDED.
MILLS and NIMMONS, JJ., concur.