530 So.2d 282 (1988)
Charles Edward BASS, Petitioner,
v.
STATE of Florida, Respondent.
No. 68230.
Supreme Court of Florida.
September 1, 1988.
Michael E. Allen, Public Defender, Second Judicial Circuit and Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for respondent.

ON PETITION FOR REHEARING GRANTED, THE PRIOR OPINION IS WITHDRAWN AND THE FOLLOWING OPINION IS SUBSTITUTED IN ITS PLACE.

[September 1, 1988]
PER CURIAM.
We have for review Bass v. State, 478 So.2d 461 (Fla. 1st DCA 1985). This Court *283 has jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, based on direct conflict of decisions, and we quash the decision of the district court below.
The petitioner, Bass, was convicted in 1979 of armed burglary, armed robbery, and aggravated battery. He was sentenced to consecutive mandatory minimum three-year sentences, which were affirmed on appeal per curiam. Bass v. State, 412 So.2d 473 (Fla. 1st DCA 1982). In the interim between that direct appeal and this, Bass' third motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, this Court issued its opinion in Palmer v. State, 438 So.2d 1 (Fla. 1983). Bass alleges that because the three offenses arose from a single criminal episode, his sentences were erroneous under section 775.087, Florida Statutes (1981), as interpreted by this Court in Palmer.
The trial court dismissed the motion on the ground that it was a successive motion for the same or similar relief. The district court affirmed on different grounds, stating that "[m]atters which could have been raised on direct appeal may not be considered by motion under Rule 3.850." Bass v. State, 478 So.2d at 461.
In Palmer this Court held that the three-year minimum mandatory sentences described by section 775.021(4), Florida Statutes (1983), could not be imposed consecutively for separate offenses arising from a single criminal transaction or episode. At that time we did not state whether our ruling would have retroactive application. Upon consideration, we have now concluded as a matter of policy that the principle of Palmer should be applied retroactively. We believe that it would be manifestly unfair for prisoners such as Bass, who received consecutive minimum mandatory sentences prior to Palmer, to be treated differently from those who had the good fortune of being sentenced for similar conduct after that decision was rendered.
Thus, if the allegations of Bass' petition are correct, the consecutive imposition of minimum mandatory sentences was illegal and, as such, subject to collateral attack under Florida Rule of Criminal Procedure 3.850. See Dowdell v. State, 500 So.2d 594 (Fla. 1st DCA 1986). Accordingly, we quash the decision of the district court of appeal and remand this case for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
EHRLICH, C.J., concurs in result only.