PER CURIAM.
Defendant Mitchell appeals the summary denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, without an evidentiary hearing. Mitchell’s motion for post-conviction relief was based upon two grounds: ineffective assistance of trial counsel and imposition of consecutive mandatory minimum sentences in one of the cases for which Mitchell was sentenced, case no. 86-15394.
We find no error as to defendant’s claim for ineffective assistance of trial counsel and affirm as to that portion of the trial court order. Defendant’s sentencing challenge concerns the imposition of two consecutive three-year mandatory minimum terms for aggravated assault of two different individuals. The trial court in its order of summary denial makes no specific reference to this issue. We are unable to determine whether the convictions resulting in the sentences for aggravated assault in case no. 86-15394 involved instances occurring at separate times and places. If they did not, the decisions in Palmer v. State, 438 So.2d 1 (Fla.1983) and Pettis v. State, 448 So.2d 565 (Fla. 4th DCA 1984) would support defendant’s contention that the sentences imposed were illegal. Accordingly, we remand the matter to the trial court as to ground two only for an eviden-tiary hearing or for attachment to the trial court’s order of that portion of the record showing the movant is not entitled to relief.
LETTS, DELL and GARRETT, JJ., concur.