KAHN, Judge.
We affirm without comment the trial court’s summary denial of Wilson’s Rule 3.850 motion for post-conviction relief. We note, however, that Wilson, having availed himself of the opportunity to file a brief in this 3.850 appeal,[1] has raised, for the first time, a new contention. Wilson, who was sentenced as a habitual violent felony offender to a term of 30 years with a ten-year minimum mandatory term for unarmed robbery, a second degree felony, and a consecutive term of 20 years with a fifteen-year minimum mandatory term for burglary with assault, a first degree felony, argues that the trial court erred in imposing consecutive minimum mandatory sentences for offenses that arose out of the same criminal episode. We take note that, during the pendency of this appeal, the supreme court has decided Daniels v. State, 595 So.2d 952 (Fla.1992), limiting the trial court’s ability to impose consecutive minimum mandatory sentences upon a defendant sentenced as a habitual violent felony offender for crimes arising from a single criminal episode. Accordingly, our affirmance is without prejudice to appellant’s right to file a new motion addressing his minimum mandatory sentences.[2]
WIGGINTON, J., concurs.
ERVIN, J., concurs with written opinion.

. See Ketion v. State, 548 So.2d 778 (Fla. 1st DCA1989).

. We do not address the question of whether a new motion, if filed, would meet the standard for a "second” Rule 3.850 motion. See Aikens v. State, 488 So.2d 543 (Fla. 1st DCA1986); Dowdell v. State, 500 So.2d 594 (Fla. 1st DCA1986), en banc.