627 So.2d 592 (1993)
Robert Leo JEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03323.
District Court of Appeal of Florida, Second District.
December 3, 1993.
Robert Leo Jean, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
*593 PER CURIAM.
Robert Jean appeals the summary denial of his motion to correct sentence. We reverse.
The motion, which seeks credit for time served on the incarcerative portion of a previously imposed split sentence, is based on the supreme court's recent decision in Tripp v. State, 622 So.2d 941 (Fla. 1993). At the time of Jean's sentencing, the law in this district would not have required the granting of the credit he now seeks. State v. Tripp, 591 So.2d 1055 (Fla. 2d DCA 1991). Accordingly, the trial court found that the supreme court's Tripp opinion "is not a major constitutional change of law which constitutes a development of fundamental significance which warrants retroactive application," and denied the motion. See, e.g., State v. Glenn, 558 So.2d 4 (Fla. 1990).
We believe the outcome of this case should be controlled, not by Glenn, but by Bass v. State, 530 So.2d 282 (Fla. 1988). The petitioner in Bass had received consecutive minimum mandatory sentences, pursuant to section 775.087, Florida Statutes (1981), for offenses arising from a single criminal episode. The supreme court later disavowed this practice in Palmer v. State, 438 So.2d 1 (Fla. 1983), and Bass sought postconviction relief based on Palmer. In determining that Palmer merited retroactive application, the supreme court stated its belief "that it would be manifestly unfair for prisoners such as Bass, who received consecutive minimum mandatory sentences prior to Palmer, to be treated differently from those who had the good fortune of being sentenced for similar conduct after that decision was rendered." 530 So.2d at 283.
In Cook v. State, 553 So.2d 1292 (Fla. 1st DCA 1989), the court relied upon Bass in determining that retroactive effect should be given to State v. Green, 547 So.2d 925 (Fla. 1989) (credit for gain-time awarded during the incarcerative portion of a split sentence). The present case involves similar considerations of fairness. Rule 3.800(a) has been approved for the correction of errors relating to credit for time served. See, e.g., Thomas v. State, 18 Fla. L. Weekly D2096, 1994 WL 51721 (Fla. 1st DCA Sept. 22, 1993); Easterling v. State, 596 So.2d 103 (Fla. 2d DCA 1992). That is, sentences which reflect inadequate credit are "illegal." An illegal sentence is considered fundamental error because it causes the defendant to serve a longer term than is permitted by law. Dowdell v. State, 500 So.2d 594 (Fla. 1st DCA 1986). Accordingly, such error, once discovered, may be corrected "at any time." Fla.R.Crim.P. 3.800(a).
Having determined that Tripp must be applied to all factually similar cases, without regard to when the sentences in those cases became final, we remand this case for determination on its merits.
Reversed.
CAMPBELL, A.C.J., and THREADGILL and BLUE, JJ., concur.