638 So.2d 532 (1994)
Steven D. YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 94-00608.
District Court of Appeal of Florida, Second District.
May 4, 1994.
Rehearing Denied June 17, 1994.
PARKER, Acting Chief Judge.
Steven D. Young appeals the denial of his motion to vacate, set aside, or correct sentence. We conclude that the trial court was correct in finding that Young was barred procedurally on grounds two and three in his motion. We, however, reverse as to ground one and remand to the trial court to determine if the court imposed three consecutive mandatory minimum sentences for crimes occurring in a single criminal episode.
Young was convicted and sentenced in 1982 for two counts of robbery with a firearm and aggravated assault. His sentences included *533 the stacking of three mandatory minimum three-year sentences, for a minimum of nine years, pursuant to section 775.087, Florida Statutes (1981).
In Young's motion to the trial court, he alleged that these three crimes involved a single criminal episode of brandishing a gun and robbing a store manager and a store cashier of money contained in a cashier drawer and safe. Young further alleged that this amounted to a single forceful taking, which should subject him to only one minimum mandatory sentence. In support of his position, he cited the cases of Palmer v. State, 438 So.2d 1 (Fla. 1983), Bass v. State, 530 So.2d 282 (Fla. 1988), and Daniels v. State, 466 So.2d 1262 (1985).
The cases which Young cited support his position; that is, the imposition of consecutive minimum mandatory sentences is illegal if the evidence supports the allegation that these crimes did occur in a single criminal episode. Further, although Young's sentences were imposed before Palmer, the supreme court has held that it would be manifestly unfair to treat prisoners sentenced before Palmer differently from those sentenced after Palmer. Bass, 530 So.2d at 283.
We, therefore, conclude that we must reverse the trial court's order denying relief as it relates to the issue of stacked mandatory minimum sentences. We remand this matter to the trial court for a determination of whether Young's allegations concerning a single criminal episode are supported by the evidence. Although we note that Young has completed the full nine years of the mandatory sentences, we cannot say that this matter is moot because of the possible effect of the award of gain time in the prison system if the trial court should determine that six years of the mandatory sentences were illegal.
Affirmed in part; reversed in part; and remanded with directions to the trial court.
PATTERSON, J., concurs.
ALTENBERND, J., dissents with opinion.
ALTENBERND, Judge, dissenting.
Twelve years ago, Mr. Young was sentenced to two consecutive life sentences, followed by an additional five years' incarceration. As a portion of this pre-guidelines sentence, he received three consecutive minimum mandatory sentences because he used a firearm during the three offenses. This court affirmed Mr. Young's convictions and sentences on February 11, 1983. Young v. State, 427 So.2d 749 (Fla. 2d DCA 1983); see also Young v. State, 427 So.2d 371 (Fla. 2d DCA 1983). Thus, Mr. Young had the right to file a motion pursuant to rule 3.850 until sometime in the spring of 1985. Mr. Young did not file a motion pursuant to rule 3.850 within that time, although he did file an unsuccessful petition for habeas corpus after the two-year period had elapsed. Young v. State, 514 So.2d 64 (Fla. 2d DCA 1987).
In September 1983, the supreme court held that consecutive minimum mandatory sentences were improper if the offenses arose out of a single criminal episode. Palmer v. State, 438 So.2d 1 (Fla. 1983). In the context of a rule 3.850 proceeding, the supreme court later decided that the rule announced in Palmer was the type of change in the law that should be given retroactive effect. Bass v. State, 530 So.2d 282 (Fla. 1988). The prisoner in Bass apparently needed Palmer to apply retroactively in the context of rule 3.850 because he had filed a prior unsuccessful motion. See Bass v. State, 478 So.2d 461 (Fla. 1st DCA 1985). Although the supreme court's decision in Bass described such consecutive sentences as "illegal," it is clear from their reliance upon Dowdell v. State, 500 So.2d 594 (Fla. 1st DCA 1986), that the supreme court employed an analysis appropriate for rule 3.850 and not rule 3.800(a).
It seems obvious that consecutive minimum mandatory sentences for the use of firearms are unauthorized only if the facts, not the law, establish that the various offenses were part of a single criminal episode. In Bass, for example, the supreme court stated that the consecutive sentences would be "illegal," "if the allegations of Bass' petition are correct." 530 So.2d at 283. I have recently discussed the problem of distinguishing between an illegal and an unlawful sentence in the context of minimum mandatory sentences. Brown v. State, 633 So.2d 112 *534 (Fla. 2d DCA 1994) (Altenbernd concurring in part, dissenting in part). I will not repeat that discussion, but it is applicable in this case.
Mr. Young had ample time to file a motion pursuant to rule 3.850 after the supreme court's decision in Palmer. See Adams v. State, 543 So.2d 1244 (Fla. 1989) (effective in 1989, defendants must file rule 3.850 motions within two years of any fundamental change in law). He waited more than a decade. He waited until he had fully served the minimum mandatory portion of his lengthy sentence. Factually, I do not know whether the minimum mandatory portions of his sentences should have been imposed consecutively or concurrently. I am convinced, however, that Mr. Young knew the facts relating to his case in 1983. I see no constitutional reason to require the state to locate proof in 1994 to respond to an untimely motion under rule 3.850 that has been incorrectly titled a motion under rule 3.800(a). Unless the constitution requires a hearing in this case, I see no statutory or procedural basis to reverse the trial court.