PER CURIAM.
William S. Robertson appeals an order denying his motion for postconvietion relief. He asserts that his three consecutive mandatory minimum sentences were imposed for crimes committed during a single criminal episode. The State concedes that the sentencing order must be amended and we therefore reverse.[1]
The defendant robbed a jewelry store and fled from the scene. He was pursued by police and stopped a truck and pointed a gun at the two occupants in an attempt to steal the vehicle. He was unable to gain possession of the truck and again fled. When the officers finally apprehended him, he leveled his weapon at the police but evidently decided not to fire. The defendant was charged with armed robbery, burglary with an assault and battery, and attempted first degree murder (counts I, II and III) for the robbery of the jewelry store. He was charged with aggravated assault with a firearm and attempted armed robbery for the attempt to steal the truck and the assault on the two occupants (counts IV and V). He was charged with aggravated assault on a law enforcement officer (count VI) for taking aim at the officer during the apprehension. He pleaded nolo contendere to all charges.[2]
In this case the trial court clearly intended to impose three consecutive mandatory minimum three-year terms, one for each of the three distinct criminal episodes. See Palmer v. State, 438 So.2d 1 (Fla.1983); see also Bass v. State, 530 So.2d 282 (Fla.1988). The three episodes were the jewelry store robbery (counts I, II and III), the subsequent effort to steal the vehicle (counts IV and V), and pointing the gun at the police officers during their apprehension of the defendant (count VI). However, the sentencing order erroneously imposed the consecutive mandatory minimum sentences on counts I, II, and III, all of which arose from the same criminal episode. The State concedes the technical error.
Accordingly, we reverse the order under review and remand with directions to amend the sentencing order in accordance with Palmer v. State. Since the trial court originally opted to impose only three mandatory minimum sentences, the court may impose a mandatory minimum three-year sentence on count I, II, or III, followed by a consecutive mandatory minimum three-year sentence on count IV or V, followed by a consecutive mandatory minimum three-year sentence on count VI.
Reversed and remanded for correction of the sentencing order.

. Although defendant filed his motion under Florida Rule of Criminal Procedure 3.800(a), the lower court correctly treated it as a Rule 3.850 motion.

. The trial court imposed 20 year concurrent terms as a habitual offender on all counts. There is no claim of error on this part of the sentencing order.