755 So.2d 678 (1999)
Joel Don ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-04396.
District Court of Appeal of Florida, Second District.
July 2, 1999.
*679 PER CURIAM.
In 1982 the trial court imposed a series of consecutive sentences upon Joel Don Adams totalling 195 years for his participation in the robbery, abduction, rape and attempted murder of a clerk at a retail establishment. In 1998 he questioned, by motion to correct sentence and Florida Rule of Criminal Procedure 3.800, the propriety of the trial court's decision to stack several three-year minimum mandatory sentences for firearm possession,[1] arguing that all of his crimes arose from the same criminal episode and were thus barred under Palmer v. State, 438 So.2d 1 (Fla.1983), and its progeny. The trial court dismissed the motion, reasoning that the claim was cognizable only pursuant to rule 3.850, and that the motion suffered procedural deficiencies that prohibited the trial court from treating it as such. Adams did not appeal this ruling, and refiled a rule 3.850 motion raising substantially the same claims. The trial court denied the motion as untimely, as filed well after the time limitations in rule 3.850(b). We affirm.
In Young v. State, 638 So.2d 532 (Fla. 2d DCA 1994), a divided panel of this court ruled that a prisoner could question the stacking of mandatory firearm minimums by means of rule 3.800(a). Since that decision, however, the Florida Supreme Court has effectively overruled Young. In State v. Callaway, 658 So.2d 983 (Fla.1995), the supreme court announced that collateral attacks on prohibited consecutive habitual offender sentences under Hale[2] should be raised in rule 3.850 motions. The supreme court in Callaway held that the dispositive issue in those challenges-whether offenses resulting in consecutive habitual sentences were committed during a single criminal episode-was suitable for review under rule 3.850 because of the necessity for the trial court to make factual determinations. This identical question is raised in an attack upon consecutively-imposed minimum mandatory sentences under Palmer and Bass v. State, 530 So.2d 282 (Fla.1988). We perceive no reason to treat Palmer questions in a fashion different from the manner the supreme court in Callaway directed that trial courts treat Hale issues. Callaway has discredited the rule in Young, and, we believe, overruled it.
We note that the supreme court has also recently confined prisoners to the strictures of rule 3.850, including its time limitations, when dealing with the application of related issues questioning the propriety of minimum mandatory firearm sentences. See State v. Mancino, 705 So.2d 1379 (Fla. 1998) (holding that rule 3.850 is the exclusive postconviction vehicle available to test whether a prisoner factually qualified for a mandatory firearm sentence).
Adams' convictions and sentences predated Palmer. Bass in 1988 gave retroactive application to Palmer. The time limitations of rule 3.850, in existence at the time of Bass, provided Adams two years after Bass to bring this issue to the trial court's attention. He failed to do so. *680 Now, sixteen years after his convictions, his claim is time-barred.
The State in this proceeding has argued that this claim is successive, based upon earlier challenges to this sentencing scheme on direct appeal and postconviction motion. The trial court's order recites that this court on direct appeal affirmed the convictions in 1994, while in fact this court's mandate issued on April 10, 1984. As well, the trial court order refers to a prior attack on these sentences undertaken in 1995, while in fact it predated that by a full decade, and this court issued its mandate affirming the trial court's denial of Adams' motion on November 27, 1985. These discrepancies are not meaningless because both preceded the supreme court's decision in Bass. Bass determined in 1988 that Palmer was to be accorded retroactive effect, and Adams' direct appeal and first postconviction effort prior to Bass cannot serve as a basis to deny him relief at this time under the successiveness doctrine.
Lastly, we recognize that the supreme court in Callaway, as well as this court's decision that was there upheld,[3] do not irretrievably foreclose relief from consecutively-imposed habitual offender sentences growing out of the same criminal episode by means of rule 3.800, without regard to the time constraints of rule 3.850(b). Judge Allen's dissent in Richardson v. State, 698 So.2d 551 (Fla. 1st DCA 1997), argues against inflexibly prohibiting the use of rule 3.800 to correct this breed of sentencing error.
In its response to an order from this court in this proceeding, the State has conceded that relief may be available to a movant who properly pleads in a rule 3.800 motion that the application of the rule in Hale may be determined without resort to extra-record facts, and that there is no reason the same latitude should not be afforded to claimants challenging stacked, three-year minimum mandatory firearm sentences. Adams' initial rule 3.800 motion made this allegation with particularity, and he failed to appeal its dismissal. In the subsequently filed rule 3.850 motion-advancing a different theory in his attempt to circumvent the timeliness requirements of the rule-Adams failed to include in his claim that its resolution did not depend on the development of extra-record facts. As such, we hold that the claim has not been satisfactorily alleged to enable us to overcome the untimeliness of Adams' motion and to confront this troublesome issue on its merits in this appeal.
Affirmed.
CAMPBELL, A.C.J., and BLUE and WHATLEY, JJ., Concur.
NOTES
[1] See § 775.087, Fla. Stat. (1981).
[2] Hale v. State, 630 So.2d 521 (Fla.1993)
[3] Callaway v. State, 642 So.2d 636 (Fla. 2d DCA 1994).