PER CURIAM.
Appellant appeals from an order entered in the circuit court summarily denying his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Appellant was sentenced as an habitual offender on his armed burglary and attempted first degree murder convictions. These sentences were to be served consecutive to each other and consecutive to a sentence of life imprisonment for first degree murder.
We reverse on the authority of Hale v. State, 630 So.2d 521, 524 (Fla.1993) (“We *1233 find nothing in the language of the habitual offender statute which suggests that ... once the sentences from multiple crimes committed during a single criminal episode have been enhanced through the habitual offender statutes, the total penalty should then be further increased by ordering that the sentences run consecutively.”). See State v. Ames, 467 So.2d 994, 995-96 (Fla.1985) (involving analysis of whether burglary was “separate and distinct” from sexual battery for the purpose of consecutive imposition of mandatory minimum sentences). We remand the case with directions that the life sentences on the armed burglary and attempted first degree murder convictions shall run concurrently.
POLEN, C.J., GROSS and HAZOURI, JJ., concur.