PER CURIAM.
Appellant Andre Lamar Brown appeals from an order entered in the circuit court summarily denying his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a).
Appellant challenges his habitual felony offender consecutive 30 year sentences on counts (1) (armed burglary of conveyance) and (2) (armed burglary of occupied conveyance) and his 30 year habitual felony offender sentence on count (4)(attempted armed robbery) consecutive to count (2). The record establishes that they all arose from a single criminal episode.
The trial court summarily denied this motion on the grounds that it was untimely under rule 3.850, Florida Rule of Criminal Procedure, and that it addressed challenges previously raised in the trial court. However, appellant did not seek relief under rule 8.850, but rather under rule 3.800, which is proper for a Hale challenge, when the error is apparent on the face of the record. Valdes v. State, 765 So.2d 774 (Fla. 1st DCA 2000). Further, appellant did not previously raise a Hale challenge to his sentences.
We reverse on the authority of Hale v. State, 630 So.2d 521, 524 (Fla.1993), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). See also Holsworth v. State, 796 So.2d 1232 (Fla. 4th DCA 2001).
We remand the case with directions that the sentences on counts 1, 2 and 4 be imposed to run concurrently.
KLEIN, GROSS and TAYLOR, JJ., concur.