467 So.2d 1113 (1985)
William BRUDIE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1071.
District Court of Appeal of Florida, Second District.
May 1, 1985.
James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
We vacate defendant's sentences in two of five cases and remand for resentencing.
Pursuant to a plea agreement, defendant pled nolo contendere to ten charges set out in five two-count informations. In return, he was to be sentenced within the presumptive range under the sentencing guidelines. Fla.R.Crim.P. 3.701. Defendant's guidelines scoresheet called for a prison term of 4 1/2 to 5 1/2 years. Defendant was sentenced to imprisonment in accordance with the presumptive range in three cases. In the remaining two, numbered 83-685 and 83-995, the court sentenced defendant to 5 years and 5 1/2 years probation, respectively, to run concurrent with the terms of imprisonment. It is these two sentences which we vacate.
In Roy v. State, 207 So.2d 52 (Fla. 2d DCA 1967), this court held that one cannot be sentenced to probation and incarceration simultaneously, noting that the standard terms of probation found in section 948.03, Florida Statutes (1965)[1] "would have no possible area of compliance so long as the intended `probationer' remained in prison serving an existing sentence." Furthermore, "[t]he underlying concept of probation is rehabilitation rather than punishment and presupposes the fact that [the] probationer is not in prison confinement." *1114 Bernhardt v. State, 288 So.2d 490, 495 (Fla. 1974).
We affirm the convictions in case numbers 83-685 and 83-995 but vacate the sentences and remand with instructions to sentence defendant to a term of imprisonment within the presumptive guidelines range.[2] Defendant's other judgments and sentences are affirmed.
RYDER, C.J., and CAMPBELL, J., concur.
NOTES
[1] Amendments to section 948.03 subsequent to Roy do not affect the continued validity of the court's rationale.
[2] Because of our decision, we need not discuss whether the probationary sentences violated the plea agreement and, if so, whether defendant's acquiescence amended the agreement.