474 So.2d 417 (1985)
Michael Edwin BARR, Appellant,
v.
STATE of Florida, Appellee.
Nos. 84-1742, 84-1743.
District Court of Appeal of Florida, Second District.
August 23, 1985.
*418 James Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, Michael Edwin Barr, pleaded guilty to burglary and grand theft. He was placed on probation. Thereafter, he again committed acts of burglary and grand theft. After pleading guilty to the four offenses, he was adjudicated guilty, probation was revoked and a three year prison sentence was imposed for grand theft. He received probation for each of the other three convictions. All terms, including the prison term, were to run concurrently.
Although the appellant's appointed counsel requested permission to withdraw from this matter pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), she did submit that a sentence in excess of the guidelines might arguably provide grounds for reversal. Our assessment of the record in this matter requires resentencing by the trial court.
At his sentencing hearing, the appellant affirmatively selected through his attorney to be sentenced pursuant to the guidelines. Subsequently, he objected to the sentences which were imposed. The following colloquy involving the trial court and the appellant's trial counsel suggests the possibility that there was a departure from the presumptive sentence:
THE COURT: The guidelines show three years; is that right?
MR. WHITE: Yes, sir.
THE COURT: Any further comments?
MR. WHITE: No, sir, just other than to relate that the defendant would affirmatively elect to be sentenced under the guidelines.
THE COURT: Well, excuse me. Go ahead. I am not. I am going to give him probation and three which you will object to, right?
We find a sufficient degree of uncertainty in the foregoing colloquy to warrant the belief that the trial court was not free of doubt as to the appellant's presumptive sentence. Cf. Davis v. State, 461 So.2d 1361 (Fla. 2d DCA 1985). No scoresheet is found in the record and it appears from the transcript of the sentencing hearing that the lower court did not consider a scoresheet before sentencing the defendant. We are unable to determine whether the appellant received a guidelines *419 or a statutory sentence. If departure did occur, the trial court should have determined the presumptive sentence before departing from the guidelines, Doby v. State, 461 So.2d 1360, (Fla. 2d DCA 1984), Myrick v. State, 461 So.2d 1359 (Fla. 2d DCA 1984), Gage v. State, 461 So.2d 202 (Fla. 1st DCA 1984), and it should have expressed in writing the clear and convincing reasons essential to a valid departure. If on the other hand the trial court imposed a guidelines sentence, it should have prepared a scoresheet. Rule 3.701(d)(1) of the Florida Rules of Criminal Procedure. The trial court erred in its sentencing procedure.
Finally, the appellant received concurrent terms of imprisonment and probation. In Brudie v. State, 467 So.2d 1113 (Fla. 2d DCA 1985), we held it was reversible error to impose concurrent terms of imprisonment and probation. One cannot be simultaneously sentenced to probation and incarceration because of the impossibility of complying with probation while in prison. Furthermore, the underlying concept of probation is rehabilitation, not punishment.
Therefore, we vacate the appellant's sentences and remand for resentencing with directions that a sentencing guidelines scoresheet be prepared and considered by the trial court before the imposition of a sentence.
GRIMES, A.C.J., and OTT, J., concur.