PER CURIAM.
Appellant was convicted of three counts of sexual battery on a child eleven years old or younger, four counts of sexual battery by exercising custodial authority, and two counts of lewd and lascivious acts in the presence of a child under the age of fourteen. We find merit only in appellant’s assertion of sentencing errors.
Only one count of sexual battery by exercising custodial authority and the two counts of lewd and lascivious conduct were subject to sentencing under the guidelines. With regard to these sentences, the trial court erred in departing from the guidelines without being made aware of the presumptive sentence. Barr v. State, 474 So.2d 417 (Fla. 2d DCA 1985). Therefore, appellant’s sentences as to counts IV, V and VI of the information are remanded for resentencing with directions that a sentencing guidelines scoresheet be prepared and considered by the trial court before the imposition of sentence. Upon resentenc-ing, the court should not retain jurisdiction over these three guidelines sentences, because parole is no longer available to the appellant. See Barr v. State, 473 So.2d 25 (Fla. 2d DCA 1985). The clerical omission of credit for time served on count IV should also be corrected.
The judgments and sentences are otherwise affirmed.
RYDER, C.J., and GRIMES and SCHEB, JJ., concur.