629 So.2d 1067 (1994)
Lorenzo Leroy CLEMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00796.
District Court of Appeal of Florida, Second District.
January 5, 1994.
James Marion Moorman, Public Defender, and Karen K. Purdy, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Defendant challenges the propriety of a sentence imposed after a nolo plea in two cases. We reverse and remand for resentencing.
In the first case, defendant was charged with aggravated assault with a firearm. In the second case, he was charged with burglary of a conveyance and grand theft auto. Under the terms of the plea agreement, the state was to abandon the burglary of a conveyance charge in the second case. In return, defendant was to plead nolo to the two remaining charges in the two cases, for which *1068 he was to receive "any legal sentence, concurrent both counts" within the "recommended" range of the guidelines.
At sentencing, the trial court imposed three years incarceration, the mandatory minimum, for the aggravated assault with a firearm. The court then imposed five years probation for the grand theft, to run concurrent with the prison sentence. A condition of probation was to provide restitution to the victim, the amount to be determined at a hearing to be held at a later date. Defense counsel objected, arguing that incarceration and probation cannot be imposed to run concurrently.
On appeal, defendant argues that the concurrent imposition of incarceration and probation was illegal in this case. The primary authority he cites, Tripp v. State, 622 So.2d 941 (Fla. 1993) (revised opinion on denial of rehearing), offers little support to his position since he, after all, did not receive a Tripp sentence. Nonetheless, a long line of cases from this court directly on point holds that it is reversible error to impose probation and incarceration concurrently. E.g., Nobles v. State, 605 So.2d 996 (Fla. 2d DCA 1992); Barr v. State, 474 So.2d 417 (Fla. 2d DCA 1985); Roy v. State, 207 So.2d 52 (Fla. 2d DCA 1967), cert. dismissed, 211 So.2d 554 (Fla. 1968). The rationale in these cases stems from "the impossibility of complying with probation while in prison. Furthermore, the underlying concept of probation is rehabilitation, not punishment." Barr, 474 So.2d at 419. Under these cases, resentencing is necessary.
Defendant argues that on remand, he should receive a concurrent prison sentence for the grand theft. We note that one problem in this case is that the plea agreement, which was entered into by the state and accepted by the trial court, explicitly calls for "concurrent" dispositions for the two offenses. Since a mandatory minimum must be imposed for the aggravated assault with a firearm and since probation cannot be imposed simultaneously with incarceration, the trial court's sentencing options under the plea agreement are severely limited.
If on remand the state is unwilling to accept concurrent prison terms, defendant should be allowed to withdraw his plea and be subject to trial, but with the opportunity to negotiate a new plea. See Morris v. State, 620 So.2d 1081 (Fla. 2d DCA 1993). Defendant's point two on appeal is rendered moot by our disposition.
Reversed and remanded for resentencing.
RYDER, A.C.J., HALL, J., and REESE, THOMAS S., Associate Judge, concur.