PER CURIAM.
The appellant was serving a term of community control but because of proven violations the trial court revoked the community control and sentenced him to prison. The trial court imposed concurrent sentences of five years for the underlying offense of resisting arrest with violence and five and one-half years for possession of a firearm by a convicted felon. The two convictions stemmed from offenses occurring in March and October 1993. The transcript of the sentencing hearing does not disclose that a sentencing scoresheet was used or discussed except that the prosecutor represented to the court that a sentence of five and one-half years was the maximum. The record in this ease contains no scoresheet of any kind and the Clerk of the Circuit Court has certified that there is none in the appellant’s record.
Without a properly prepared score-sheet in the record, we cannot determine if the sentence under review is a legal one. Pedrero v. State, 499 So.2d 26 (Fla. 2d DCA 1986); Barr v. State, 474 So.2d 417 (Fla. 2d DCA 1985). Moreover, Florida Rule of Criminal Procedure 3.702(d)(2) requires the preparation of a scoresheet and that the sentencing judge review it for accuracy. We reject the State’s argument that the absence of a scoresheet is irrelevant here finding the eases cited for that argument, Mixon v. State, 497 So.2d 720 (Fla. 2d DCA 1986), and Davis v. State, 461 So.2d 1361 (Fla. 2d DCA), review denied, 471 So.2d 43 (Fla.1985), distinguishable.
We reverse the sentence under review and remand for resentencing with a properly prepared scoresheet.
DANAHY, A.C.J., and PATTERSON and LAZZARA, JJ., concur.