PER CURIAM.
Kevin Benjamin appeals the trial court’s order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Benjamin’s motion sets forth several grounds for relief, only one of which may have merit. We affirm in part, reverse in part, and remand for further proceedings.
Benjamin pleaded nolo contendere to three third-degree felonies and a misdemeanor. He was sentenced on October 26, 1996, to a total sentence of eight years’ incarceration, all sentences suspended. The sentences in this case were to run concurrently with a Control Release violation, number 99-72583, which Benjamin presumably continues to serve. The motion challenges the legality of imposing a probationary term concurrently with a sentence of incarceration. This is an issue which may be raised in a motion to correct illegal sentence. See Gause v. State, 673 So.2d 925 (Fla. 2d DCA 1996). Moreover, it is well established that probation and incarceration cannot be imposed concurrently. See Clemons v. State, 629 So.2d 1067 (Fla. 2d DCA 1994). The trial court’s order fails to address this issue.
Accordingly, we reverse the order denying relief to Benjamin as to this issue only. On remand, the trial court may again deny Benjamin’s claim and attach portions of the record which refute it, or the court may resen- *127 tenee Benjamin. We refer the trial court to Griffin v. State, 517 So.2d 669 (Fla.1987), in the event of resentencing.
Affirmed in part, reversed in part, and remanded for further proceedings.
BLUE, A.C.J., and FULMER and NORTHCUTT, JJ., concur.