STONE, Chief Judge.
We reverse an order of modification of probation. The sentencing portion of the order includes an illegal provision and, in addition, the court erred in finding a probation violation as to one of the three grounds relied upon. Appellant was charged with violating three conditions of his probation for two counts of lewd assault on a minor; condi *1089 tion 11, that he receive a substance abuse treatment; condition 13, that he receive mental health treatment; and condition 1, that he file monthly reports. The court’s order did not revoke Appellant’s probation but modified the probation and added a provision for a prison term.
With regard to the violations of conditions 11 and 13, we affirm. Although Appellant explained that he failed to attend and cooperate in treatment because of scheduling and transportation problems, the trial court found otherwise. There is record support for a conclusion that Appellant’s actions indicated an unwillingness to comply. See Miller v. State, 661 So.2d 353 (Fla. 4th DCA 1995); Monroe v. State, 679 So.2d 50 (Fla. 1st DCA 1996); Archer v. State, 604 So.2d 561 (Fla. 1st DCA 1992).
The court erred in finding a violation of condition 1, as the state failed to prove a violation for failing to file monthly reports. Although filing monthly reports was a specified condition, Appellant’s probation was served in North Carolina with a North Carolina probation officer, and it is undisputed that written monthly reports are not required of probationers supervised in that state. Further, Appellant’s probation could not, as argued by the state, be violated for failing to report every month in person, as this violation was not included in the charges against him and Appellant was not on notice that he would be called upon to defend on this issue. See Burton v. State, 651 So.2d 793 (Fla. 1st DCA 1995); Martin v. State, 691 So.2d 1204 (Fla. 4th DCA 1997); Palmer v. State, 603 So.2d 535, 536 (Fla. 4th DCA 1992).
Appellant’s sentence is reversed as illegal. The trial court’s order provided that Appellant’s existing probation was to continue, as modified, and added a thirty month prison sentence. The state concedes that the court erred by sentencing Appellant to prison while he remained on probation. See Clemons v. State, 629 So.2d 1067, 1068 (Fla. 2d DCA 1994). We remand for reconsideration of the modification order and for resentenc-ing.
TAYLOR, J., and GLICKSTEIN, HUGH S., Senior Judge, concur.