752 So.2d 656 (2000)
Shane Levon JOSEPH, a/k/a Joseph Levon Shane, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4782.
District Court of Appeal of Florida, Second District.
January 14, 2000.
PER CURIAM.
Shane Levon Joseph appeals the trial court's order denying his motion to correct illegal sentence in circuit court case number 93-15813.[1] We reverse and remand for a new sentencing hearing.
Joseph pleaded guilty to fifteen felony counts in one information. Because of the attachments to the motion, we address only counts one through thirteen. The court sentenced Joseph to twenty-two years in prison on count one, suspended after twenty years, followed by two years' probation. On counts two through nine, eleven and twelve, the court sentenced Joseph to twenty-two years in prison, suspended after three years, followed by nineteen years' probation on each count. The court sentenced Joseph on count ten to fifteen years in prison, with a three-year minimum mandatory. On count thirteen, the court sentenced Joseph to twenty-two years in prison, suspended after twenty years, followed by two years' probation. All of the sentences were to run concurrently.
It is well settled that probation cannot be imposed concurrently with a sentence of incarceration. See Benjamin v. State, 705 So.2d 126 (Fla. 2d DCA 1998). The trial court's order denying Joseph's motion to correct illegal sentence reflects that the sentencing court intended all of the probation periods to start at the same *657 time, thus avoiding any conflict with the incarcerative portions of the sentences. Such an interpretation is impossible. The probation period on counts two through nine, eleven and twelve should begin after Joseph serves three years in prison. At that time, however, he would still be incarcerated on counts one, eleven and thirteen, in violation of Benjamin.
Reversed and remanded for a new sentencing hearing.
PARKER, A.C.J., and ALTENBERND and CASANUEVA, JJ., Concur.
NOTES
[1] Although Joseph's motion lists sixteen case numbers, the record contains only the judgments and sentences for counts one through thirteen of case number 93-15813. Thus, we are limited to reviewing case number 93-15813.