773 So.2d 87 (2000)
John Earl HUBBARD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2403.
District Court of Appeal of Florida, Second District.
September 6, 2000.
Rehearing Denied October 6, 2000.
*88 PER CURIAM.
John Earl Hubbard appeals the trial court's order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. We affirm.
On June 13, 1990, a jury convicted Hubbard of burglary of a dwelling (count I) and attempted sexual battery (count II) for actions which occurred on May 15, 1989. Pursuant to sections 775.084(1)(b) and (4)(a), Florida Statutes (Supp.1988), the trial court sentenced Hubbard to ten years as a habitual violent felony offender on count I and thirty years as a habitual violent felony offender with a minimum mandatory of ten years on count II.[1] The sentences were to run consecutively.
Hubbard filed his motion to correct illegal sentence on May 19, 1999. Hubbard argued that (1) his sentences were illegal because they were imposed consecutively for crimes arising out of a single episode, and (2) the sentences were illegal because they were imposed pursuant to an unconstitutional statute. In his first issue on appeal, Hubbard argues that his consecutive habitual violent felony offender sentences are illegal under Hale v. State, 630 So.2d 521, 524-25 (Fla.1993), which held that consecutive habitual offender sentences could not be imposed for multiple crimes committed during a single episode. However, this claim is a mixed question of law and fact and must be addressed by a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. See Callaway v. State, 642 So.2d 636, 640 (Fla. 2d DCA 1994). The trial court could not have treated Hubbard's rule 3.800 motion as a rule 3.850 motion because it was untimely. Id. (finding that defendants could retroactively challenge their sentences under Hale within two years from the time Hale became final, which was February 9, 1994). Therefore, this issue is without merit.
In his second issue, Hubbard argues that his sentences are illegal because they were imposed under the 1989 amended version of section 775.084, which the Florida Supreme Court found unconstitutional in State v. Johnson, 616 So.2d 1 (Fla.1993). However, Hubbard has not effectively alleged error under Johnson because chapter 89-280, Laws of Florida, which amended section 775.084, would not have changed his status as a habitual violent felony offender or the corresponding sentences. Id. at 4.
Affirmed.
PARKER, A.C.J., and WHATLEY and SALCINES, JJ., Concur.
NOTES
[1] Hubbard received this sentence after this court reversed and remanded his original sentence for forty years as a habitual violent felony offender with a minimum mandatory of fifteen years on count II. See Hubbard v. State, 582 So.2d 824, 824 (Fla. 2d DCA 1991) (holding that the forty-year sentence exceeded the statutory maximum of thirty years).