802 So.2d 387 (2001)
Alphonso Prosperity SMITH, Appellant,
v.
Kathleen KEARNEY, Secretary, Department of Children and Families, Appellee.
No. 4D00-4058.
District Court of Appeal of Florida, Fourth District.
November 14, 2001.
Rehearing Denied January 8, 2002.
*388 Nancy A. Daniels Public Defender and Robert Friedman Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Alphonso Prosperity Smith, appeals the denial of his petition for writ of habeas corpus which challenged his continued confinement under the "Jimmy Ryce Act" ("the Act"). See §§ 394.910-.931, Fla. Stat. (1999). We affirm, writing to address what we perceive as a troubling dilemma concerning Smith's detention.
According to the record, an order determining probable cause and detaining Smith, pursuant to the Act, was entered by the trial court in Leon County on February 19, 1999. Consequently, Smith was transported to South Bay Correctional Institution in Palm Beach County, Florida, for involuntary commitment.
In his petition, Smith alleged that, after a jury trial in case number 83-1877, he was convicted of one count of burglary of a dwelling and one count of sexual battery. On March 15, 1984, he was sentenced to fifteen years and ten years in prison, respectively, for a total of twenty-five years because the sentences were imposed consecutively. On January 29, 1985, in a separate case, number 83-1880, he was sentenced to twenty years in prison for burglary of a dwelling.
On appeal to the First District Court of Appeal, Smith's convictions in case 83-1877 were affirmed, but the court reversed for resentencing. See Smith v. State, 479 So.2d 804, 808 (Fla. 1st DCA 1985). Upon resentencing on June 23, 1988, as to case 83-1877, the trial court again imposed a term of fifteen years on his burglary conviction and ten years on the sexual battery conviction, but the sentences were ordered to run concurrently. This time, the court further ordered the sentences in case 83-1877 to be served consecutive to his twenty year prison term in case number 83-1880.
On January 5, 1989, the supreme court vacated Smith's sentences in case 83-1877 and remanded for yet another resentencing under the guidelines. See Smith v. State, 537 So.2d 982, 988 (Fla.1989). As a result, on April 28, 1989, he entered a plea and was resentenced in case 83-1877 to fifteen years in prison on his burglary conviction with a consecutive term of two years on the sexual battery conviction.
Smith further alleges that, pursuant to his plea, the trial court withheld the imposition of the sentence for the burglary conviction in case 83-1877 and placed him *389 on probation for a period of twenty-five years. However, the judgment of conviction states that the court is withholding sentence and placing the defendant on probation for twenty-five years "to begin and run from 4-28-89 and to run concurrent to D.O.C. Sentences on Cts. 1 + 2." No probation order was entered at that time.
On July 10, 1996, the Department of Corrections ("DOC") wrote to the clerk of the court requesting clarification of Smith's sentence because the commitment papers contained no reference to probation. Consequently, on October 17, 1996, nunc pro tunc to April 28, 1989, the trial court entered an order withholding the imposition of Smith's sentence and placing him on probation for his burglary conviction in case 83-1877, to run concurrent with the sentences on counts 1 and 2.
Also contained in the record is a letter from the DOC showing that Smith was serving all three prison sentences consecutively. He first served the sentence for case 83-1880, which sentence ended on May 25, 1993. He then commenced the fifteen year burglary conviction sentence on count I of case 83-1877. With gain time, that sentence was completed on September 27, 1998, at which point he began serving the two year sexual battery sentence for count II of case 83-1877. That sentence ended February 22, 1999.
In his petition for writ of habeas corpus, Smith maintained that he had been unlawfully detained by the DOC and should have been released to serve the probationary portion of his sentence prior to the effective date of the Act, on January 1, 1999. His specific claim was that he was strictly on probation for the burglary charge in case 83-1877. Therefore, the prison sentence for burglary, which he served between 1993 and 1998, was unauthorized. Instead, he should have served only the two year sentence for sexual battery after completing the sentence in case 83-1880. As such, Smith maintained that his continued detention following the two year incarcerative portion of his sentence in case 83-1877 was unlawful. Not being lawfully in custody at the time the Act went into effect, he claimed it should not apply to him. The trial court denied the petition, and Smith has appealed that final order.
"The great writ of habeas corpus is a writ of right obtainable under our Constitution by all men who claim to be unlawfully imprisoned against their will. It is designed to test solely the legality of the petitioner's imprisonment." Sneed v. Mayo, 66 So.2d 865, 869 (Fla.1953). To show a prima facie entitlement to habeas relief, the petitioner must show that he is "unlawfully deprived of his liberty and is illegally detained against his will." Id. at 870; accord Cole v. State, 714 So.2d 479, 492 (Fla. 2d DCA 1998) ("A writ of habeas corpus may be employed to secure the release of a person who is being unlawfully detained.").
At best, we conclude that in case 83-1877 the trial court imposed concurrent sentences of probation and incarceration, which is illegal. See Lee v. State, 717 So.2d 1088, 1089 (Fla. 4th DCA 1998); Benjamin v. State, 705 So.2d 126, 126 (Fla. 2d DCA 1998); Clemons v. State, 629 So.2d 1067, 1068 (Fla. 2d DCA 1994). However, determining that the sentence is illegal does not mean that his custody was unlawful. While Smith may have been entitled to resentencing, a resentencing could very likely have resulted in the elimination of the probation requirement, leaving his incarcerative sentence in tact. On this record, Smith has not shown that he was unlawfully deprived of his liberty and was illegally detained.
We are not the proper court to correct the alleged "illegality" of the sentence *390 Smith has already served. Whether concurrent terms of probation and imprisonment are illegal is an issue that is cognizable in a motion to correct an illegal sentence. See Benjamin, 705 So.2d at 126. It appears the problem facing Smith in this action is that he did not move to correct his sentence by either filing a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800 or through a rule 3.850 motion prior to the effective date of the Act.
In Sherwood v. State, 745 So.2d 378 (Fla. 4th DCA 1999), rev. denied, 763 So.2d 1044 (Fla.2000), the appellant filed a motion to correct his sentence after it had been completely served. We could discern no purpose to be served addressing the length of the sentence after completion and concluded that a motion to correct a sentence had to be brought while it was being served. See id. Despite the fact that Smith is no longer serving the burglary sentence, if Smith's fifteen year sentence was illegal and he should not have been lawfully in custody at the time the Act went into effect, then there would be a purpose to correcting it, but we do not decide in this case that such relief is available or that he is entitled to it. As discussed above, that must be addressed to the sentencing court first.
In light of Smith's failure to properly address the alleged illegality of his sentence, we hold that he failed to present a prima facie showing of entitlement to relief. We therefore affirm the denial of Smith's petition for habeas corpus.
DELL, WARNER and HAZOURI, JJ., concur.