808 So.2d 271 (2002)
Jose M. ANDUJAR, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-5417.
District Court of Appeal of Florida, Second District.
February 22, 2002.
STRINGER, Judge.
Jose M. Andujar challenges the order of the trial court denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
In his motion, Andujar alleged that the trial court illegally ran his three-year minimum mandatory sentence for armed robbery consecutive to the twenty-five-year sentence for first-degree murder where both offenses arose out of a single episode. If Andujar is correct in his allegations, such a sentencing scheme is illegal. See Boler v. State, 678 So.2d 319 (Fla.1996); Parks v. State, 701 So.2d 653 (Fla. 4th DCA 1997).
The trial court denied Andujar's claim, finding that it was not cognizable in a rule 3.800(a) motion and that the motion was untimely as a Florida Rule of Criminal Procedure 3.850 motion. However, a claim *272 that the trial court illegally stacked minimum mandatory sentences where all the offenses arose out of a single criminal episode may properly be raised in a rule 3.800(a) motion where the movant alleges that the motion may be resolved without regard to extra-record facts. See Adams v. State, 755 So.2d 678 (Fla. 2d DCA 1999). In the present case, Andujar failed to so allege and his motion is facially insufficient. See id. We therefore affirm the order of the trial court without prejudice to any right Andujar might have to file a facially sufficient motion pursuant to rule 3.800(a). See Steelman v. State, 801 So.2d 960 (Fla. 2d DCA 2001).
Affirmed.
SALCINES, J., and DANAHY, PAUL W., Senior Judge, Concur.