SILBERMAN, Judge.
Larry Clark challenges the order of the trial court denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm as to all grounds but comment as to one of the issues raised by Clark.
In his motion, Clark alleged that the trial court illegally imposed on him a three-year firearm minimum mandatory for an armed robbery charge consecutive to a three-year firearm minimum mandatory for an attempted first-degree murder charge, where both offenses arose out of a single criminal episode and involved the same victim. If Clark is correct in his allegations, such a sentencing scheme is illegal. See Cooper v. State, 739 So.2d 82, 86 (Fla.1999) (reiterating that it is error to impose consecutive three-year firearm minimum mandatories for crimes arising out of a single criminal episode, where the use of the firearm in one offense does not cause an injury to the victim that was separate and distinct from the injury to the victim caused in the other offense).
The trial court denied Clark’s claim, finding that it was not cognizable in a rule 3.800(a) motion and that the motion was untimely as a Florida Rule of Criminal Procedure 3.850 motion. However, a claim that the trial court illegally stacked three-year firearm minimum mandatory sentences for offenses arising out of a single criminal episode may properly be raised in a rule 3.800(a) motion where the movant alleges that the motion may be resolved without regard to extra-record facts. See Adams v. State, 755 So.2d 678, 680 (Fla. 2d DCA 1999). In the present case, Clark failed to make that allegation and his motion is facially insufficient. We therefore affirm the order of the trial court without prejudice to any right that Clark may have to file a facially sufficient motion pursuant to rule 3.800(a). See Andujar v. State, 808 So.2d 271, 272 (Fla. 2d DCA 2002).
Affirmed.
GREEN and DAVIS, JJ., concur.