BLUE, Chief Judge.
Fred Lee West appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm, without comment, the trial court’s order on the issues addressed in the order, but we reverse and remand for consideration of an issue that the trial court failed to address.
West was convicted of attempted murder in the second degree and possession of a firearm by a convicted felon. He received consecutive habitual felony offender sentences. West alleged that his two crimes occurred during a single criminal episode, and thus, the trial court could not impose consecutive habitual felony offender sentences. See Hale v. State, 630 So.2d 521 (Fla.1993). West also alleged that the error is apparent on the face of the record. This claim is cognizable under rule 3.800(a) if the determination of whether the offenses were part of the same criminal episode can be made without resorting to extra-record facts. See Young v. State, 787 So.2d 259, 260 (Fla.2001). The trial court failed to address this issue.
On July 7, 1988, West attempted to commit a murder with a gun, and on the same date, he illegally possessed a firearm. From the limited record on appeal, it appears that these crimes occurred in a single criminal episode. We reverse and remand for the trial court to review the entire record to determine how many criminal episodes occurred. If it can be determined that the crimes are from one criminal episode, West must be resen-tenced to concurrent sentences.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and STRINGER, JJ„ concur.