870 So.2d 46 (2003)
Ellis D. DOWNS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1076.
District Court of Appeal of Florida, Second District.
October 10, 2003.

ON REMAND FROM THE SUPREME COURT OF FLORIDA
PER CURIAM.
This case is before the court on remand from the Supreme Court of Florida, which vacated this court's opinion and remanded for reconsideration in light of Burgess v. State, 831 So.2d 137 (Fla.2002). See Downs v. State, 853 So.2d 396 (Fla.2003). We accordingly remand this cause to the trial court to reconsider Downs' motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a) on its merits in light of Burgess, 831 So.2d 137.[1]See generally Adams v. State, 755 So.2d 678, 680 (Fla. 2d DCA 1999) (holding that movant may assert a Hale[2] claim in a rule 3.800(a) motion if the facts supporting the claim are apparent from the face of the record); Valdes v. State, 765 So.2d 774, 777 (Fla. 1st DCA 2000) (concluding that the appellant was entitled to relief because his Hale claim was apparent from the face of the record).
Reversed and remanded.
WHATLEY, DAVIS and SILBERMAN, JJ., concur.
NOTES
[1] Downs was adjudicated guilty after a jury trial, and the transcript of the trial is part of the record.
[2] Hale v. State, 630 So.2d 521 (Fla.1993).