DAVIS, Judge.
Frank H. Mills appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Mills alleged that his habitual violent felony offender (HVFO) sentences are illegal based on this court’s opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002), which held chapter 99-188, Laws of Florida, unconstitutional in violation of the single subject rule. The legislature attempted to cure the constitutional violation by retroactively reenacting the provisions found in chapter 99-188. However, this court held the retroactive reenactment to be invalid in Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003).
In its response, the State concedes that Mills qualified as an HVFO under the amendments to section 775.084, Florida Statutes (Supp.1998), in chapter 99-188, but Mills did not qualify as an HVFO under the valid version of section 775.084 in effect at the time of the offenses. Compare ch. 99-188, § 3, at 1043, Laws of Fla., toith § 775.084(l)(b)(2)b, Fla. Stat. (Supp. 1998). Although the State disagrees with the holdings in Taylor and Green, the State concedes that Taylor and Green require that the HVFO designations be stricken from Mills’ sentences. We agree that this is the proper remedy. Therefore, we reverse the trial court’s order of denial and remand for correction of Mills’ sentences. On remand, if Mills does not qualify as an HVFO under the 1998 version of section 775.084, the trial court shall strike the HVFO designations and minimum mandatory terms from Mills’ sentences.
We certify conflict with State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA), review granted, No. SC03-413, 854 So.2d 659 (Fla.2003), which held that chapter 99-188 does not violate the single subject rule. As we did in Green, we certify conflict with Carlson v. State, 27 Fla. L. Weekly D2162 (Fla. 5th DCA Oct.4, 2002); Lecorn v. State, 832 So.2d 818 (Fla. 5th DCA 2002); and Jones v. State, 27 Fla. L. Weekly D2377 (Fla. 5th DCA Nov.1, 2002), and we note possible conflict with Nieves v. State, 833 So.2d 190 (Fla. 4th DCA 2002), and Green v. State, 832 So.2d 199 (Fla. 4th DCA 2002).
Reversed and remanded.
WHATLEY and CANADY, JJ„ Concur.