868 So.2d 629 (2004)
William WACHTER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3499.
District Court of Appeal of Florida, Second District.
March 12, 2004.
PER CURIAM.
William Wachter challenges the order of the trial court denying his postconviction *630 motions filed pursuant to Florida Rules of Criminal Procedure 3.800(a) and 3.850. We affirm without prejudice to any right Wachter might have to file a facially sufficient claim pursuant to rule 3.800(a) alleging that the trial court, in case number 91-1530, illegally imposed consecutive habitual offender sentences for offenses that arose out of a single criminal episode.
A claim that a trial court imposed consecutive habitual offender sentences in violation of Hale v. State, 630 So.2d 521 (Fla.1993), is a cognizable rule 3.800(a) claim "if the determination of whether the offenses were part of the same criminal episode can be made without resorting to extra-record facts." West v. State, 825 So.2d 499 (Fla. 2d DCA 2002). This court has held that to present a facially sufficient 3.800(a) Hale claim, the movant must allege that the claim can be determined from the face of the record. See Watson v. State, 828 So.2d 1054, 1054 (Fla. 2d DCA 2002). However, in Burgess v. State, 831 So.2d 137, 141 (Fla.2002), the supreme court held that a trial court cannot rely on hearsay documentation that is contained in the trial court record, such as a police report, to determine a 3.800(a) Hale claim. The trial court may rely on any portion of the trial court record that is not hearsay, such as a trial transcript. See Burgess, 831 So.2d at 142; Downs v. State, 870 So.2d 46, 46 n.1, 2003 WL 22316799 (Fla. 2d DCA Oct.10, 2003).
Thus, in light of Burgess, we conclude that a movant who files a 3.800(a) claim that his consecutive habitual offender sentences are in violation of Hale must not only allege that the claim is determinable from the face of the record, but must identify with particularity the record documents upon which he relies in seeking a determination of the claim. If the movant fails to do so, his claim will be considered facially insufficient. Because Wachter did not identify the record documents from which his claim could be determined, we affirm the order of the trial court without prejudice to any right he might have to file a facially sufficient rule 3.800(a) Hale claim in accordance with the principles outlined in this opinion.
Affirmed.
WHATLEY, CASANUEVA, and SILBERMAN, JJ., concur.