ALTENBERND, Chief Judge.
John Earl Hubbard appeals the denial of his motion to correct an illegal sentence. He was sentenced as a habitual violent felony offender to consecutive terms of thirty years’ imprisonment for a burglary and ten years’ imprisonment for an attempted sexual battery, both of which occurred on May 15, 1989. He did not file a motion to correct any sentencing error within two years of the supreme court’s opinion in Hale v. State, 630 So.2d 521 (Fla.1993). Prior to Burgess v. State, 831 So.2d 137 (Fla.2002), this court held that Mr. Hubbard’s claim must be pursued under Florida Rule of Criminal Procedure 3.850 and not rule 3.800(a). See Hubbard v. State, 773 So.2d 87 (Fla. 2d DCA 2000); see also Downs v. State, 870 So.2d 46 (Fla. 2d DCA 2003). Following the supreme court’s opinion in Burgess, which permits some Hale issues to be resolved under rule 3.800(a), Mr. Hubbard again challenged his consecutive sentences as illegal on the face of the record.
This court asked the State to respond to his new petition. To the State’s credit, it reviewed the record and has concluded that Mr. Hubbard is entitled to relief because the consecutive sentences arise out of a single criminal episode. Accordingly, we reverse the order denying the motion and remand to the trial court to enter concurrent sentences for these two offenses.
Reversed and remanded.
CASANUEVA and SILBERMAN, JJ., Concur.