875 So.2d 735 (2004)
Anthony HARRIS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4969.
District Court of Appeal of Florida, Second District.
June 11, 2004.
*736 PER CURIAM.
Anthony Harris, Jr., challenges the order of the trial court denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Harris raised three grounds for relief in his motion. In affirming the order of the trial court, we find it necessary to discuss only one of the grounds raised in the motion.
Harris was convicted, after jury trial, of second-degree murder, robbery, and grand theft auto. He was sentenced consecutively on each count as a habitual violent felony offender. In his 3.800(a) motion, Harris alleged that his consecutive habitual violent felony offender sentences are illegal because they are in violation of Hale v. State, 630 So.2d 521 (Fla.1993). The trial court denied this claim finding that it can only be raised pursuant to Florida Rule of Criminal Procedure 3.850. The trial court is incorrect.
Harris raised a Hale claim in a prior rule 3.800(a) motion. See Harris v. State, 845 So.2d 250 (Fla. 2d DCA 2003). This court held that the claim was facially insufficient because Harris did not allege that his crimes occurred in "a single criminal episode or that his claim can be determined without resort to extra-record facts." 845 So.2d at 250. We affirmed the denial of the claim without prejudice to any right Harris might have to file a facially sufficient Hale claim under rule 3.800(a). The trial court had the benefit of this court's opinion in Harris when it found that a Hale claim could not be raised pursuant to rule 3.800(a). In fact, Harris filed his present motion in response to our prior opinion.
In his present motion, Harris alleged that the offenses occurred in a single criminal episode and that this could be determined from the face of the charging document. Prior to his filing this motion, Harris did not have the benefit of this court's opinion in Wachter v. State, 868 So.2d 629 (Fla. 2d DCA 2004). In Wachter, this court stated:
[I]n Burgess v. State, 831 So.2d 137, 141 (Fla.2002), the supreme court held that a trial court cannot rely on hearsay documentation contained in the trial record, such as a police report, to determine a 3.800(a) Hale claim. The trial court may rely on any portion of the trial record that is not hearsay, such as a trial transcript.
The charging document clearly is not an evidentiary portion of the trial record. Thus, Harris has again presented a facially insufficient claim. Harris appealed the *737 original judgment and sentences. There should therefore be a transcript of the trial testimony available to the trial court.
We affirm that portion of the trial court's order denying Harris's Hale claim. However, our affirmance is without prejudice to any right Harris might have to file a facially sufficient claim in which he alleges that his habitual violent felony offender sentences were consecutively imposed when they were part of a single criminal episode and in which he identifies with particularity the nonhearsay record documents, such as the trial transcript, upon which he relies in seeking a determination of his claim.
Affirmed.
WHATLEY, CASANUEVA, and CANADY, JJ., concur.