887 So.2d 416 (2004)
Austin Shane SPEAS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2488.
District Court of Appeal of Florida, Second District.
October 27, 2004.
Rehearing Denied December 3, 2004.
*417 PER CURIAM.
Austin Shane Speas challenges the order of the trial court denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the order of the trial court without prejudice to any right Speas may have to file a facially sufficient motion pursuant to rule 3.800(a).
In his motion, Speas alleged that the trial court, in violation of Hale v. State, 630 So.2d 521 (Fla.1993), imposed consecutive habitual offender sentences for offenses that were committed in a single criminal episode. Speas alleged that his claim could be determined from the face of the record, more specifically from the "police arrest affidavit, witness statements, and the factual basis established by the *418 State." To establish a facially sufficient rule 3.800(a) claim that his habitual offender sentences were imposed in violation of Hale, a defendant must identify with particularity the nonhearsay record documents upon which he relies. See Harris v. State, 875 So.2d 735, 737 (Fla. 2d DCA 2004). The police arrest affidavit is not a nonhearsay document; neither is the factual basis for the offenses which is provided at the time of the plea by the prosecutor to determine the accuracy of the plea and thereby enable the trial court to ensure that the facts of the case fit the offense or offenses with which the defendant is charged. See Williams v. State, 316 So.2d 267, 271 (Fla.1975). In establishing a factual basis, the prosecutor is reporting facts obtained from the witnesses to the offense, and thus the prosecutor's statements constitute hearsay. See Neal v. State, 697 So.2d 903, 906 (Fla. 2d DCA 1997) (holding that the prosecutor's reporting of facts developed by a third party constitutes hearsay). "Witness statements" may or may not constitute nonhearsay portions of the record. However, Speas has not identified those statements or where they are to be found in the record. Speas has, therefore, not established a facially sufficient rule 3.800(a) Hale claim.
The trial court denied Speas' 3.800(a) motion for the wrong reason. The sentencing court had imposed consecutive habitual offender sentences of prison on one count followed by probation on another count. Based on this court's holding in Brudie v. State, 467 So.2d 1113 (Fla. 2d DCA 1985), the trial court denied Speas' rule 3.800(a) Hale claim on the ground that it would have been reversible error for the sentencing court to impose concurrent terms of prison and probation. Regardless of the holding of Brudie, the supreme court held in Hale that a trial court may not impose consecutive habitual offender sentences for offenses that occurred in a single criminal episode. Our affirmance is without prejudice to any right Speas might have to file a facially sufficient rule 3.800(a) motion.
Affirmed.
SALCINES, VILLANTI, and WALLACE, JJ., concur.