NORTHCUTT, Judge.
Joseph Lamar Wilson challenges the order of the postconviction court denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Wilson raised several grounds for relief in his motion. In affirming the order on appeal, we discuss only one of Wilson’s claims.
*523 Wilson was convicted of first-degree murder and attempted armed robbery with a firearm. In ground three of the motion, Wilson alleged, inter aha, that the trial court illegally imposed the three-year mandatory minimum sentence for the use of a firearm during the attempted armed robbery consecutively to the twenty-five year mandatory minimum sentence on the first-degree murder conviction where both offenses were committed in a single criminal episode. Wilson is correct that such a sentencing scheme is illegal. See Andujar v. State, 808 So.2d 271, 271 (Fla. 2d DCA 2002). This claim may be raised in a rule 3.800(a) motion. Id. at 271-72.
The postconviction court, in denying the motion, overlooked this claim. However, to establish a facially sufficient rule 3.800(a) claim that the trial court illegally imposed consecutive sentences where the offenses were committed in a single criminal episode, not only must a movant allege that the claim is determinable from the face of the record, he must identify with particularity the nonhearsay record documents upon which he relies. See Speas v. State, 887 So.2d 416, 417-18 (Fla. 2d DCA 2004). In the present case, Wilson failed to identify such nonhearsay portions of the record, and his claim is facially insufficient. See id. at 418. We affirm the order of the postconviction court without prejudice to any right Wilson might have to file a facially sufficient rule 3.800(a) claim that the trial court illegally imposed consecutive minimum mandatory sentences where the offenses were committed in a single criminal episode.
Affirmed.
CANADY and VILLANTI, JJ„ Concur.