VILLANTI, Judge.
Gary J. Good appeals the denial of his pro se motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the postcon-viction court misinterpreted Good’s motion, it denied a claim he did not raise and did not address the claim he actually raised. Consequently, we reverse and remand for the postconviction court to consider the motion on the merits.
As his sole claim, Good challenged his habitual felony offender (HFO) sentences as violative of the Florida Supreme Court opinion in Hale v. State, 630 So.2d 521, 524-25 (Fla.1993) (holding that HFO sentences for crimes committed in a single criminal episode may not be imposed consecutively). Good alleged that his consecutive HFO sentences were imposed for crimes committed in a single criminal episode and that this claim was resolvable from the face of the record without resort to any extra-record facts. Good’s motion is facially sufficient. See Downs v. State, 870 So.2d 46 (Fla. 2d DCA 2003).
However, the postconviction court interpreted Good’s claim to be that “he was improperly sentenced as a Habitual Felony Offender because the offenses [prior convictions] used to habitualize him resulted from a single criminal episode contrary to the requirements of Fla. Stat. 775.084.” After receiving the State’s response, the postconviction court denied that claim. Unfortunately, the claim as framed by the postconviction court was not the claim Good asserted. Good attempted to correct this misinterpretation by filing a timely motion for rehearing but to no avail. The postconviction court denied the motion for rehearing.
Good has filed a facially sufficient motion, and the postconviction court must consider it. See Bailey v. State, 911 So.2d 1293 (Fla. 2d DCA 2005); Bernal v. State, 892 So.2d 1086 (Fla. 2d DCA 2004). Accordingly, we reverse the denial of Good’s motion and remand for the postconviction court to consider the motion on the merits.
Reversed and remanded.
CASANUEVA and WALLACE, JJ., Concur.