976 So.2d 68 (2008)
Pedro MARTINEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3758.
District Court of Appeal of Florida, Fourth District.
February 6, 2008.
Rehearing Denied March 26, 2008.
Pedro Martinez, Lake City, pro se.
No appearance required for appellee.
PER CURIAM.
We affirm the trial court's denial of Appellant's Florida Rule of Criminal Procedure 3.800(a) motion. Appellant's successive motion was barred by collateral estoppel, and Appellant has not shown that application of the procedural bar will result in a manifest injustice. State v. McBride, 848 So.2d 287, 291 (Fla.2003).
Appellant's motion failed to explain how the "trial transcript" would demonstrate an entitlement to relief. Jackson v. State, 803 So.2d 842 (Fla. 1st DCA 2001). A conclusory allegation that the answer lies somewhere in the "trial transcript" is not enough to satisfy the threshold allegation requirements of rule 3.800(a). Id. at 845.
Appellant has not identified record facts that show he is entitled to relief on his claim that his consecutive habitual felony offender (HFO) sentences violate Hale v. State, 630 So.2d 521, 524 (Fla.1993). Theophile v. State, 967 So.2d 948 (Fla. 1st DCA 2007). In order to establish a sufficient claim of a violation of Hale in a 3.800(a) motion, Appellant must identify, with particularity, non-hearsay record documents and explain how they demonstrate that the crimes arose from a single criminal *69 episode. Lauramore v. State, 949 So.2d 307, 308 (Fla. 1st DCA 2007) (citing Harris v. State, 875 So.2d 735 (Fla. 2d DCA 2004)).
Neither of Appellant's motions raising this issue has explained how anything in the trial transcript would demonstrate that his convictions for aggravated assault on a law enforcement officer and possession of contraband in prison arose from the same criminal episode. §§ 784.021, .07, Fla. Stat. (1991); § 944.47(1)(a), Fla. Stat. (1991).
As no manifest injustice is apparent, Appellant's claim is barred by collateral estoppel.
STONE, FARMER and HAZOURI, JJ., concur.