992 So.2d 914 (2008)
John MARSHALL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-1150.
District Court of Appeal of Florida, Second District.
October 24, 2008.
John Marshall, pro se.
Bill McCollum, Attorney General, Tallahassee, and Ha Thu Dao, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
John Marshall appeals from a final order denying his motion to correct illegal sentence filed under Florida Rule of Criminal *915 Procedure 3.800(a). We reverse and remand for resentencing.
Marshall pleaded guilty to burglary of a conveyance, grand theft, and fraudulent use of a credit card. He was sentenced as a habitual felony offender (HFO) on the burglary and grand theft charges and sentenced to ten years' imprisonment on each, with the sentence for the grand theft to be served consecutively to the sentence for the burglary. Although not habitualized on the credit card offense, he was sentenced to a term of ten years in prison suspended in favor of ten years of probation. This sentence was set to run consecutively to the sentence for the burglary.
Marshall's rule 3.800(a) motion alleged that the "HFO sentences" for the theft and credit card counts could not be imposed consecutively to each other because they arose out of the same criminal episode. The postconviction court denied the motion, noting (1) that the rule against consecutive HFO sentences for offenses occurring during the same criminal episode does not apply because the sentence for the credit card count is not an HFO sentence and (2) that the sentence for the credit card count was not run consecutively to the sentence on the theft count but rather consecutively to the sentence on the burglary count. In his initial brief to this court, Marshall raised two related issues: (1) that if the sentence for the credit card count is running consecutively to the burglary count, it must be running concurrently with the theft countan illegal situation because a probationary term cannot run concurrently with a prison termand (2) that the nonhabitual ten-year sentence for the credit card count, a third-degree felony, is illegal.
In its response to the issues raised in both Marshall's motion and his brief, the State concedes the need for resentencing. We agree. The information alleged that Marshall obtained goods and services in an amount consistent with a charge for a third-degree felony. See §§ 817.61, 817.67(2), Fla. Stat. (1989). As such, the sentence on that nonhabitualized count is limited to five years. See § 775.082(3)(d), Fla. Stat. (1989). Additionally, by running the sentences for both the theft and credit card counts consecutively to the sentence for the burglary count, the trial court essentially ran a prison sentence (for the theft) concurrently with probation (for the credit card offense). Such a combination constitutes an illegal sentence. See Joseph v. State, 752 So.2d 656, 656 (Fla. 2d DCA 2000) ("It is well settled that probation cannot be imposed concurrently with a sentence of incarceration."). We therefore remand for the court to resentence Marshall for the fraudulent use of a credit card count.
Reversed and remanded for a new sentencing hearing.
CASANUEVA and WALLACE, JJ., Concur.