MORRIS, Judge.
 

 Jessica Compton appeals the summary denial of her motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.800(a), in which she raised one claim of illegal sentence. We reverse and remand for the postconviction court to reconsider its treatment of Compton’s motion.
 

 On October 9, 2006, Compton pleaded guilty to battery on a law enforcement officer and resisting an officer with violence and was sentenced to sixty months’ probation. A month later, Compton was alleged to have violated her probation by being in possession of drug paraphernalia. In March 2007, after a hearing on her violation of probation, Compton was sentenced to consecutive terms of five years’ imprisonment on each of her underlying charges. On May 21, 2011, Compton filed the current motion pursuant to rule 3.800(a).
 

 In her motion, Compton claims that she was illegally sentenced upon violation of her probation as a habitual felony offender (HFO) to consecutive five-year terms of imprisonment in violation of
 
 Hale v. State,
 
 630 So.2d 521, 525 (Fla.1993) (holding that the “trial court is not authorized ... to
 
 *925
 
 both enhance [the defendant’s] sentence as a habitual felony offender and make each of the enhanced habitual felony offender sentences ... consecutive, without specific legislative authorization in the habitual felony offender statute”). In support of her motion, Compton attached scoresheets that were prepared at her original sentencing and upon revocation of her probation. The scoresheets indicate that each time, Compton was designated an HFO.
 

 We have identified deficiencies in Compton’s motion. First, Compton has failed to specifically allege that her underlying charges were for multiple crimes committed during the same criminal episode, as required by
 
 Hale,
 
 630 So.2d at 524. Although she makes this allegation in her initial brief on appeal, her failure to do so in her rule 3.800(a) motion rendered the motion facially insufficient. Furthermore, although she attached scoresheets intended to show that she was sentenced as an HFO, in situations where the sentence is in dispute, the oral pronouncement controls over the written sentencing document.
 
 See Ashley v. State,
 
 850 So.2d 1265, 1268 (Fla.2003). Therefore, the sentencing hearing would be determinative for a claim concerning the details of a sentence, and in rule 3.800(a) motions, “the burden remains with the petitioner to demonstrate an entitlement to relief on the face of the record.”
 
 Williams v. State,
 
 957 So.2d 600, 604 (Fla.2007).
 

 In addition to the shortcomings of Compton’s motion, the postconviction court’s order also suffers some deficiencies. Rather than noting the facial insufficiency of Compton’s claim and dismissing the motion, the court considered the claim on the merits. First, the court attempted to refute Compton’s claim by attaching the written judgment and sentence from her convictions. Although these documents do not reflect HFO treatment, they are not ultimately controlling in this situation, particularly in light of the inconsistency between these documents and the score-sheets provided by Compton. Furthermore, the postconviction court briefly analyzed the single criminal episode issue. Relying upon the arrest affidavit, the court found that Compton’s charges were the result of two separate incidents separated by a period of time. Although this finding may ultimately prove accurate, the court is not permitted to rely on such documents to make this determination:
 

 [I]n
 
 Burgess v. State,
 
 831 So.2d 137, 141 (Fla.2002), the supreme court held that a trial court cannot rely on hearsay documentation that is contained in the trial court record, such as a police report, to determine a 3.800(a)
 
 Hale
 
 claim. The trial court may rely on any portion of the trial court record that is not hearsay, such as a trial transcript.
 

 Wachter v. State,
 
 868 So.2d 629, 629 (Fla. 2d DCA 2004). In
 
 Burgess,
 
 831 So.2d at 142, the supreme court also held that the proper mechanism for claims such as Compton’s is a motion pursuant to rule 3.850, which can be resolved after an evi-dentiary hearing, if necessary. Nevertheless, “if the determination of whether the offenses were part of the same criminal episode can be made without resorting to extra-record facts,”
 
 West v. State,
 
 825 So.2d 499, 500 (Fla. 2d DCA 2002), the claimant may raise a
 
 Hale
 
 claim pursuant to rule 3.800(a).
 

 Ultimately, this case is troublesome because of the uncertainty surrounding the true nature of Compton’s sentence. By assessing Compton’s claim on the merits rather than dismissing her motion for failing to affirmatively allege that identifiable court records “demonstrate on their face an entitlement to relief,” Fla. R.App. P. 3.800(a), the postconviction court erred. Accordingly, we reverse the denial of
 
 *926
 
 Compton’s rule 3.800(a) motion and remand for the postconvietion court to dismiss Compton’s motion as facially insufficient with leave to amend this claim.
 

 Reversed and remanded.
 

 DAVIS and CRENSHAW, JJ. Concur.