NORTHCUTT, Judge.
Curtis E. Dunn, Jr., appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he presented one ground for relief. We affirm the postconviction court’s denial of Dunn’s claim but do so without prejudice for Dunn to refile his claim pursuant to the requirements of rule 3.800(a). In addition, we reverse the court’s finding that the motion was frivolous and successive as well as the court’s referral of Dunn to the Department of Corrections (DOC) for disciplinary sanctions.
On March 6, 1984, Dunn was sentenced to thirty years’ imprisonment for robbery, sixty years for burglary with an assault, ten years for grand theft, and ten years for grand theft of a motor vehicle. In addition, Dunn was sentenced as a Habitual Felony Offender (HFO) pursuant to section 775.084, Florida Statutes (1983), and all of his sentences were ordered to run consecutively. Dunn has since filed a rule 3.850 motion, a rule 3.800(c) motion, and four rule 3.800(a) motions.
In the present motion, Dunn alleged that his sentences should run concurrently, as consecutive HFO sentences for offenses arising out of a single criminal episode are in violation of Hale v. State, 630 So.2d 521, 525 (Fla.1993). In support, Dunn claimed that the information, police reports, and *1124 testimony from trial transcripts would establish that all of his charges occurred during a single criminal episode. He pointed out that he previously raised this claim, only to have it denied by the post-conviction court based on the erroneous finding that such a claim must be raised pursuant to rule 3.850, and that consideration under rule 3.850 would be impossible due to the two-year time bar. See Hubbard v. State, 773 So.2d 87, 88 (Fla. 2d DCA 2000). See also Speas v. State, 887 So.2d 416 (Fla. 2d DCA 2004) (noting that a Hale claim may be raised in a motion pursuant to rule 3.800(a)); but see Calla-way v. State, 642 So.2d 636 (Fla. 2d DCA 1994) (holding that “a sworn motion pursuant to rule 3.850 is the appropriate method for resolution” of Hale issue).
Pointing to its previous denial of this claim, the postconviction court found that Dunn’s current motion was malicious, successive, and an abuse of process. The court further noted that, for whatever reason, Dunn had failed to appeal the previous order. The postconviction court attached the previous order, which was indeed a denial based on the finding that the issue was a mixed question of law and fact that must be addressed pursuant to rule 3.850. However, rule 3.850 is not the exclusive means by which a defendant can attack his illegal, consecutive habitual offender sentences.
Rule 3.800(a) provides for the correction of an illegal sentence as long as the records demonstrate on their face that a defendant is entitled to the relief requested. State v. Mancino, 714 So.2d 429, 433 (Fla.1998). As such, the postconviction court erred in finding that it could only consider Dunn’s claim under rule 3.850. But to meet the requirements of rule 3.800(a) with respect to a Hale claim, Dunn had to identify with particularity the nonhearsay record documents that demonstrate that his sentences were for offenses committed in a single criminal episode. See Speas, 887 So.2d at 417-18; Harris v. State, 875 So.2d 735, 736 (Fla. 2d DCA 2004). Dunn’s current claim, which includes references to the information, police reports, and testimony from trial transcripts, fails to meet this standard. Police reports and the information do not qualify as nonhearsay record documents, see Wachter v. State, 868 So.2d 629, 630 (Fla. 2d DCA 2004), and Dunn’s reference to the transcript is vague and conelusory.
Although the reasons for the postconviction court’s denial are legally incorrect, Dunn’s Hale claim is facially insufficient and should not have been denied either on the merits or as successive. Therefore, we affirm the postconviction court’s denial without prejudice for Dunn to refile this claim with the necessary specific references to the record. Such a motion shall not be considered successive. Accordingly, we reverse the postconviction court’s finding that Dunn’s motion was frivolous and successive. On remand, the postcon-viction court shall retract its referral of Dunn to the DOC for disciplinary sanctions related to the filing of this motion.
Affirmed in part; reversed in part; remanded.
KHOUZAM and MORRIS, JJ., Concur.