PER CURIAM.
Defendant appeals the denial of a motion to correct an illegal sentence filed under rule 3.800(a).
Defendant was sentenced to one year of probation for one count of first degree stalking, and for one count of misdemeanor criminal mischief. The sentences were ordered to run consecutively. Less than one year after sentencing, the court granted Defendant’s request for early termination of probation.
Three years later, Defendant filed a rule 3.800(a) motion, alleging that the one-year *297 probationary term imposed for the offense of criminal mischief was illegal, as the statutory maximum was six months. See Smith v. State, 484 So.2d 581 (Fla.1986). The State contended that Defendant was not entitled to correction of a sentence that had been fully served. See Lane v. State, 92 So.3d 885 (Fla. 4th DCA 2012). Based on the State’s reasoning, the trial court denied Defendant’s motion. Thereafter, Defendant filed a motion to vacate the court’s ruling, arguing that he was not precluded from seeking relief on a fully-served sentence where the length of that sentence caused him to receive a significantly longer sentence in a subsequent prosecution. The court denied his motion.
In this appeal, Defendant reasserts the grounds raised in his motion to vacate. Relying primarily on Pettit v. State, 995 So.2d 544 (Fla. 2d DCA 2008), and Smith v. Kearney, 802 So.2d 387 (Fla. 4th DCA 2001), he argues that he is entitled to relief on his fully-served sentence. In particular, he alleges that the illegal one-year probationary term imposed for criminal mischief was used to increase his criminal history score in a subsequent federal prosecution, resulting in a higher sentence.
We find this case to be distinguishable from Pettit and Kearney where the illegal sentences affected the defendants’ release dates, thereby making them subject to civil commitment under the Jimmy Ryce Act. Here, Defendant did not serve the portion of the probation which he challenges as illegal. Thus, it is unclear from the record how the length of that sentence could cause an increased sentence on his subsequent prosecution. Nor is it apparent from the record how the length of the sentence that was never served could have been used to increase his criminal history score. We recognize that the federal sentencing guidelines are different than our own, and it is possible that they assess points based on previous sentences, notwithstanding the time served. However, it is not this court’s responsibility to ascertain such information. We remind Defendant that the burden is on him to demonstrate entitlement to relief from the face of the record. See Johnson v. State, 60 So.3d 1045 (Fla.2011). Conclusory allegations are not enough to satisfy the threshold allegation requirements of rule 3.800(a). See Martinez v. State, 976 So.2d 68 (Fla. 4th DCA 2008).
For these reasons, we affirm without prejudice to Defendant’s filing a rule 3.800(a) motion that establishes how the allegedly illegal sentence for count two, which was not served, affected his criminal history score and sentence in the subsequent prosecution.

Affirmed without prejudice.

DAMOORGIAN, C.J., STEVENSON and CONNER, JJ., concur.